## KASPROWICZ et al. v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit. July 5, 1927.

No. 4884.

1. Intoxicating liquors ⊜236(19)—Evidence held to sustain conviction of various defendants for manufacture of intoxicating liquor.

Evidence *held* to sustain conviction of various defendants for manufacture of intoxicating liquor, namely, beer.

2. Intoxicating liquors ⊜249—Manufacture of liquor in dwelling may be of such commercial character as to justify search warrant.

Manufacture of intoxicating liquor in a dwelling house may be of such commercial character as to justify a search warrant.

3. Intoxicating liquors ⊜248—Affidavit held to show that dwelling was used for manufacture of beer on commercial scale, and hence for sale of liquor, and to justify issuance of search warrant (National Prohibition Act, tit. 2, § 3 [Comp. St. § 10138½aa]).

Affidavit for search of dwelling *held* to sufficiently show that it was being used for the manufacture of beer on a commercial scale for commercial purposes, and hence in effect for sale of liquor, and in view of National Prohibition Act, tit. 2, § 3 (Comp. St. § 10138½aa), to justify issuance of search warrant.

4. Searches and seizures ⊜3(4)—Sufficiency of affidavit must be tested by its statements of fact, not by its conclusions.

Sufficiency of affidavit on which search warrant is issued must be tested by its statements of fact rather than by its conclusions.

5. Intoxicating liquors ⊜249—Search warrant, directed to assistants and agents of Commissioner of Internal Revenue, and executed by one signing as "Federal Prohibition Agent," held sufficiently served.

Where search warrant was directed to assistants and agents of the Commissioner of Internal Revenue, and executed and returned by one who signed as "Federal Prohibition Agent," service was sufficiently regular.

6. Criminal law ⊜304(17)—Courts judicially know that prohibition agent is assistant and agent of Commissioner of Internal Revenue.

Courts take judicial notice that a prohibition agent is an assistant and agent of the Commissioner of Internal Revenue in the enforcement of the National Prohibition Act (Comp. St. § 10138¼ et seq.).

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Victoria Kasprowicz and others were convicted of manufacturing intoxicating liquor, and they bring error. Affirmed.

Henry A. Behrendt and Behrendt & Behrendt, all of Detroit, Mich., for plaintiffs in error.

C. Frederic Stanton, of Detroit, Mich., for the United States.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

DENISON, Circuit Judge. Federal prohibition agents, acting under a search warrant, found a brewing establishment in operation in the basement of a dwelling owned by Mrs. Kasprowicz, and occupied as a home by her and her husband, Joseph. There were 11 copper vats, of 100 gallons each, in which mash was fermenting. The finished product being sent out contained substantially 4 per cent. of alcohol. Three men were found in the basement. All five were indicted under three counts for manufacturing intoxicating liquor, possession thereof, and maintaining a nuisance. They were convicted, and all join in this writ of error.

[1] The three men found in the basement complain that there was no evidence against them to make a case for the jury. It appeared that two of them were in working clothes and seemed to be carrying on the operation. This inference which the jury drew as to them was not without substantial support. The third man claimed to be the owner of one of the automobiles standing in the yard, and which was being regularly used in carrying away the finished product. The conclusion that he was at least aiding and abetting the manufacture was justified.

[2, 3] The main question relied upon in the court below and here is that the search warrant was unauthorized, and hence that the evidence thus obtained from a dwelling house was inadmissible. The question sharply presented is whether the manufacture of intoxicating liquor in a dwelling house may be of such commercial character as to justify a search warrant. This is the question which we expressly reserved in Staker v. U. S. (C. C. A.) 5 F.(2d) 312, saying (page 313): "Whether, if the evidence adduced were sufficient to indicate that the magnitude of the manufacture was of such a degree as fairly to necessitate the conclusion that the manufacture was but a step in the sale or marketing of the product, a search warrant could properly issue, we are not called upon to decide."

[4] The search warrant now involved was issued upon an affidavit, the sufficiency of which must be tested by its statements of fact rather than by its conclusions. We therefore disregard the allegation made in terms that the premises were being used for business purposes and for the sale of intoxicating liquor, and look only to the circumstances expressly stated. These were, in brief, that the premises consisted of this house and a garage in the rear upon an alley. The garage opened through, so that automobiles drove into the back yard. Prohibition agents had watched the place for three days, and had seen four different automobiles, making two to five trips each per day, drive in and away after opportunity to load up in the garage, and also had seen men rolling out of the basement and into the yard or garage a large number of such half barrels as are commonly used for beer. Other details were stated, and all together fully justified a conclusion that beer was being manufactured in the basement on a scale which resulted in an output of several barrels per day, which output was being regularly hauled away to other parts of the city—in other words, that beer was being there manufactured upon a commercial scale for commercial purposes, and not merely for home use.

Coming to the search warrant statute (section 25, tit. 2, National Prohibition Act [Comp. St. § 10138½m]), and disregarding any doubt whether the basement, by lease, had become so segregated as to lose its character as part of the dwelling, we see that the critical questions must be:

(1) Was this dwelling being used for "some business purpose such as a store, shop, saloon, etc."?

(2) Was this dwelling being used "for the unlawful sale of intoxicating liquor"?

If either question can rightly be answered in the affirmative, the warrant was lawful; otherwise, not.

We pass the first question by without intimation of opinion, and go to the second. In our judgment the stated circumstances tended to show that the dwelling was being used for the sale of liquor, within a liberal but permissible scope of definition; and in defining the terms used in this statute it is not to be forgotten that section 3 of title 2 of the act (Comp. St. § 10138½aa) directs that "all the provisions of this act shall be liberally construed, to the end that the use of intoxicating liquor as a beverage may be prevented."

We cannot assume that any sales were being completed in the dwelling as if over a counter, with simultaneous delivery and payment; but commercial sales regularly prosecuted involve, not only manufacture, but storage, ready for delivery to purchasers, as well as the soliciting of orders, the delivery from the storage place to the purchasers who call for it, or the carrying to another delivery point, and the maintenance of a headquarters for supervising the selling business. From the facts here stated it is fairly probable that the four automobile operators were buying at this brewery and delivering and reselling on their own account—at least as probable as that they were in the employ of the manufacturers. The yard and the premises just outside of the house were certainly being used for the delivery of the goods, either to the purchasers or on the way to the purchasers. The manufactured product was doubtless more or less in storage within the dwelling for the purpose of sale, whether title passed to purchasers within the dwelling or later. Under these circumstances we have no hesitation in concluding that it could be rightly said that the dwelling was being used for "the purpose of sale."

[5, 6] The search warrant was directed to (among others) the assistants and agents of the Commissioner of Internal Revenue. It was executed and returned by one who signed as "Federal Prohibition Agent." The service was sufficiently regular. We take judicial notice that a prohibition agent is an assistant and agent of the Commissioner of Internal Revenue in the enforcement of the National Prohibition Act, being Comp. St. § 10138¼ et seq. Crinnan v. U. S. (C. C. A.) 1 F.(2d) 643, 645.

We have assumed that the affidavit and the warrant are accurately described in the opin-

ion of the District Judge. They have not properly been made any part of the record for review.

All the judgments are affirmed.