## UNITED STATES v. BERGER et al.

District Court, D. Massachusetts. November 17, 1927.

No. 7396.

Intoxicating liquors ⬉246—Private dwelling used in manufacture of liquor, which is either sold there or taken away for sale, is subject to search; "used for unlawful sale" (Prohibition Act, tit. 2, § 25 [27 USCA § 39]).

Under the requirement that the Prohibition Act shall be liberally construed, to render it effective, the provision of title 2, § 25 (27 USCA § 39), authorizing search of a private dwelling "being used for the unlawful sale of intoxicating liquor," means being used in the business of selling liquor unlawfully and a dwelling used for the manufacture of liquor, which is either sold there or removed thence for sale is subject to search.

Criminal prosecution by the United States against Harry Berger and others. On motion in arrest of judgment. Denied.

Telesphore Leboeuf, Sp. Asst. U. S. Atty., of Webster, Mass.

Abram J. Berkwitz, of Boston, Mass., for defendants.

MORTON, District Judge. The facts may be shortly stated. Officers watching a dwelling house saw two five-gallon cans taken from it and carried away in an automobile. The automobile was stopped on the road by the officers, and the cans were found to contain moonshine liquor. The odor of mash was detected coming from the house. Upon an affidavit stating these facts a search warrant was applied for and obtained. On the search under it a still was found of commercial size. The evidence so obtained was admitted at the trial over the defendant's objection. The present motion was filed under leave reserved. The point presented is narrow, but by no means trivial, in the practical enforcement of the Prohibition Act.

Of course, the search warrant could not be legally issued, unless there was evidence that the dwelling was "being used for the unlawful sale of intoxicating liquor" (National Prohibition Act, tit. 2, § 25 [27 USCA § 39]), and the question is whether the facts stated warrant such a finding. Ten gallons of liquor in cans indicate a transaction that was in all probability commercial. In connection with the odor of distillation coming from the premises, it warranted the belief that liquor which had been made there was being either

sold or delivered. Which of these alternatives was the fact the evidence did not show; in other words, it would not in my opinion justify a finding that a completed sale had taken place in the dwelling. If that be necessary to justify a search warrant, the verdict ought not to stand.

The language of the statute, "used for unlawful sale," might upon a strict construction be held to refer only to sales completed in the dwelling. But the expression has also a wider signification and may mean "used in the business of selling liquor unlawfully," as the basement of a shop may be said to be used for selling goods, though no contracts of sale are made there. This interpretation of the statute gives to its expression "for the sale" a meaning equivalent to "in connection with the sale." The statute provides that "all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented." National Prohibition Act, tit. 2, § 3 (27 USCA § 12).

Taken as a whole, the act shows a clear and firm intent that the homes of people who are not commercializing liquor shall not be invaded by search warrants, and per contra an equally clear intent that where commercialism is present search warrants may be used to suppress the illegal business. In Kasprowicz v. U. S., 20 F.(2d) 506 (C. C. A. 6th), evidence that several automobiles were observed over a period of several days taking away from a dwelling house what appeared to be intoxicating liquor, was held to justify the issue of a search warrant for it, on the ground "that the dwelling was being used for 'the purpose of sale.'" Denison, J., at page 507. Considering the general intent of the act and its provisions for liberal construction above quoted, I think that the expression "used 'for unlawful sale of intoxicating liquor'" should be interpreted as meaning used in the business of selling liquor unlawfully.

It follows that a dwelling used to manufacture liquor, which is either sold there or taken thence for sale is subject to search under the act. As the evidence on which the warrant was procured justified a belief in those facts, the search warrant was properly issued.

Motion denied.

Verdict to stand.