**NOBRIGA et al. v. UNITED STATES.**

Circuit Court of Appeals, First Circuit. November 19, 1927.

**1. Intoxicating liquors ⊘246—Mere operation of still in dwelling is not "business purpose," within statute prohibiting search of dwelling not used for business purpose (National Prohibition Act, tit. 2, § 25 [27 USCA § 39]).**

The mere operation of a still in a dwelling house is not a "business purpose," within National Prohibition Act, tit. 2, § 25 (27 USCA § 39), prohibiting issuance of search warrant to search a private dwelling, unless dwelling is used for unlawful sale of intoxicating liquor, or is in part used for some business purpose, "such as a store, shop, saloon, restaurant, hotel, or boarding house," even if the quoted words are merely illustrative, and not exclusive.

[Ed. Note.—For other definitions, see Words and Phrases, Business Purposes.]

**2. Intoxicating liquors ⊘246—Cellar is part of dwelling protected from unlawful searches and seizures (18 USCA § 53; National Prohibition Act, tit. 2, § 25 [27 USCA § 39]).**

Cellar is part of a private dwelling house, protected against unlawful search or seizure, under Act Nov. 23, 1921, c. 134, § 6 (18 USCA § 53), and no warrant to search it under National Prohibition Act can be issued, except on affidavit required by section 25, tit. 2, of that act (27 USCA § 39).

**3. Intoxicating liquors ⊘248—Sufficiency of affidavit supporting search warrant must be tested by statements therein, not by result of search (National Prohibition Act, tit. 2, § 25 [27 USCA § 39]).**

Under National Prohibition Act, tit. 2, § 25 (27 USCA § 39), sufficiency of affidavit on which search warrant of private dwelling is issued must be tested by statements of facts contained in affidavits, and not by result of search.

**4. Intoxicating liquors ⊘248—Affidavit that prohibition agent saw still in operation in dwelling and smelled fermenting mash held not to authorize issuance of search warrant, in absence of commercial manufacture (National Prohibition Act, tit. 2, § 25 [27 USCA § 39]).**

Affidavit of prohibition agent, stating that he made visit to cellar of described dwelling house, where he saw still in operation and smelled odor of fermenting mash, *held* insufficient to authorize search warrant, under National Prohibition Act, tit. 2, § 25 (27 USCA § 39), in absence of statement showing probable cause to believe that intoxicating liquors were being manufactured on a commercial scale and that the dwelling was being used for the sale of liquor.

**5. Intoxicating liquors ⊘245—Statute prohibiting search warrant for private dwellings held applicable to warrant issued under National Prohibition Act though indictment related to revenue laws (National Prohibition Act, tit. 2, § 25 [27 USCA § 39]).**

Where affidavit supporting search warrant was applied for and was issued under National Prohibition Act, tit. 2, § 25 (27 USCA § 39), of that act prohibiting issuance of search warrants for private dwellings, unless used for unlawful sale of intoxicating liquor, or in part used for some business purpose, was applicable even though indictment charged violation of internal revenue law.

In Error to the District Court of the United States for the District of Rhode Island; George F. Morris, Judge.

Peter Nobriga and others were convicted of violating the internal revenue law in re-

lation to distillation of spirituous liquors, and they bring error. Reversed, verdict against each defendant vacated, and case remanded.

See, also, 19 F.(2d) 92.

William W. Blodgett, of Pawtucket, R. I., for plaintiffs in error.

Joseph E. Fitzpatrick, Asst. U. S. Atty., of Providence, R. I. (John S. Murdock, U. S. Atty., of Providence, R. I., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The defendants were convicted in the District Court of the United States for the District of Rhode Island under an indictment which charged them in six counts with a violation of the internal revenue laws in relation to distillation of spirituous liquors. The evidence upon which they were convicted was secured by a search warrant issued on December 20, 1926, by a United States Commissioner upon the affidavit of James J. Walsh, a federal prohibition agent. This affidavit was as follows:

"I, James J. Walsh, federal prohibition agent and the above-named complainant, on oath depose and say that on the 18th day of December, 1926, I made a personal visit to the cellar of tenement house painted dark color and having number 1255 on the upper part of porch, porch being on southerly end of house on Broad street, Central Falls, R. I., mentioned in the foregoing application for search warrant, when I saw a still in operation and smelled odor of fermenting mash."

Section 25 of the National Prohibition Act reads as follows:

"No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house." 27 USCA § 39.

Before the trial the defendants filed a motion to quash the search warrant and suppress the evidence obtained by its execution, because the affidavit did not allege facts sufficient to authorize its issuance. The overruling of this motion, to which the defendants excepted, is assigned as error.

[1-3] It is not contended that the premises at 1255 Broad street was not a private dwelling at the time search warrant was issued, nor is it contended that it was used in part for any business purpose such as a "store, shop, saloon, restaurant, hotel, or boarding house." The learned judge of the District Court held that the words of the statute, "store, shop," etc., are illustrative, and not exclusive. If the words of the statute are not exclusive, but merely illustrative, certainly the operation of a still would not be a business purpose of which any of the words of the statute are illustrative. That it was the intent of Congress to protect a private dwelling house against an unreasonable search and seizure is shown by Act Nov. 23, 1921, c. 134, § 6, 42 Stat. 222, 223 (18 US CA § 53). A cellar is a part of a dwelling house, and no warrant to search the same under the National Prohibition Act could be issued, except upon the affidavit required by section 25 of that act. The fact that a still, intoxicating liquor, and articles used in its manufacture were found upon search of the premises described would not cure the insufficiency of the affidavit. Its sufficiency must be tested by the statements of fact which it contains.

[4] In Kasprowicz et al. v. United States, 20 F.(2d) 506 (C. C. A. Sixth Circuit), it was held that the "manufacture of intoxicating liquor in a dwelling house may be of such commercial character as to justify a search warrant," and in that case the affidavit contained statements in regard to the use of the premises to be searched which justified a conclusion that beer was being manufactured upon the premises, which resulted in an output of several barrels per day that was regularly hauled away to other parts of the city in which the premises were located, and therefore "that beer was being there manufactured upon a commercial scale, for commercial purposes, and not merely for home use," and "that the dwelling was being used for the sale of liquor, within a liberal, but permissible, scope of definition." There is no statement in the affidavit in this case which would justify any conclusion that intoxicating liquors were being manufactured upon a commercial scale, and that the dwelling house was being used for the sale of liquor, "within a liberal, but permissible, scope of definition." Upon the facts stated in the affidavit in the present case, no finding of probable cause could be grounded that the still was used for the manufacture of intoxicating liquor for unlawful sale, the inception of which might have been in this dwelling house, or that it was the headquarters both for manufacture and sale, as the affidavit contained no description of the still showing its capacity.

The result of the search and the size of the stills that were found seem to have had a controlling influence over the mind of the learned District Judge in determining whether liquors were being manufactured for a commercial use, but the sufficiency of the affidavit must be determined by the statements which it contains, and not by the result of the search.

[5] It is contended that, as the counts in the indictment relate to violations of the internal revenue law, section 25 of the Prohibition Act does not apply. The warrant is not printed in the record, but the learned District Judge in his charge stated that it was applied for and issued under the National Prohibition Act, and to such an application and search warrant the provisions of section 25 do apply, and make it necessary that the affidavit of the applicant for a search warrant should state affirmatively facts upon which probable cause for issuing the same can be found by the commissioner. As this affidavit did not, the search warrant was illegal, and the evidence obtained by the search under it was incompetent in any criminal prosecution against the defendants, whether for a violation of the National Prohibition Act or the Internal Revenue Act.

The judgment of the District Court is reversed, the verdict against each defendant vacated, and the action is remanded to the District Court for further proceedings not inconsistent with this opinion.