936

## UNITED STATES v. BACKER.

District Court, N. D. California, S. D.
May 24, 1929.

No. 20548–S.

Harold C. Faulkner and James B. O'Connor, both of San Francisco, Cal., for petitioner.

George J. Hatfield, U. S. Atty., and Joseph L. Sweeney, Asst. U. S. Atty., both of San Francisco, Cal.

ST. SURE, District Judge. The United States Attorney informed against the defendant, charging him with violating the National Prohibition Act (27 USCA) in maintaining a nuisance and possessing a quantity of intoxicating liquor.

The defendant petitions to exclude and suppress the evidence, quash the search warrant, and return property. The legality of the search warrant is questioned. Section 25 of title 2, of the National Prohibition Act (Title 27 USCA § 39) provides among other things that "no search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor." Affidavit for the search warrant was made by a federal prohibition agent who formally charged that one Louis Backer, alias Louis Baker, violated certain provisions of the National Prohibition Act and the Internal Revenue Laws.

Upon reading and considering the affidavit, I am of the opinion that it contains sufficient statements of evidentiary facts tending to show that defendant's private dwelling was being used for the unlawful sale of intoxicating liquor. In support of his charge that the premises were being used in violation of law, the agent made oath that he "detected the odor of intoxicating liquor emanating therefrom"; that the defendant "was personally known to him as an illicit trafficker in intoxicating liquors"; that on three occasions he saw defendant leave the premises in a coupé with what he believed to be liquor; that on the 10th day of January, 1929, defendant left the premises in the coupé, "and affiant at that time detected the odor of liquor still coming from said premises"; that affiant trailed the coupé, keeping it constantly under observation to a public garage where defendant stopped; that "affiant approached said car and detected the odor of alcoholic liquor coming from the same"; that he arrested defendant, made a search of the coupé, and found therein five cases of Canadian Club whisky, the cases being so marked, and one 10-gallon iron tank full of alcohol; that at the time of his arrest defendant "stated to the affiant that he had been in the liquor business quite a long time."

Taken as a whole, these facts show a commercial transaction indicating that defendant was using his dwelling for the unlawful sale of intoxicating liquor. See United States v. Berger et al. (D. C.) 22 F.(2d) 867. Paraphrasing language used by Judge Gilbert in Hogrefe et al. v. United States (C. C. A.) 30 F.(2d) 640, if the defendant used the premises which he occupied for storing liquor for sale and making deliveries to purchasers therefrom, he cannot be heard to say he was not selling intoxicating liquor in the premises.

Certain papers of the defendant seized under the search warrant must be returned. The government admits that the affidavit fails to describe any papers to be seized. In all other particulars the search warrant and proceedings thereunder were valid.

Petition denied.