**UNITED STATES v. MILLER et al.**

**No. 2045–C.**

District Court, W. D. New York.

Jan. 3, 1941.

George L. Grobe, U. S. Atty., by R. Norman Kirchgraber, Asst. U. S. Atty., both of Buffalo, N. Y., for plaintiff.

William B. Mahoney, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

This is a motion to suppress the evidence obtained under a search warrant and to vacate such search warrant.

The motion must be denied on two separate grounds.

■ First: The petition is insufficient in that it does not allege the violation of the constitutional rights of the defendants or either of them. The defendants claim that the petition is sufficient in this respect by reason of certain admissions claimed to have been made by the defendants to the investigators at the time of the search and seizure. The most that can be claimed for such admissions is that petitioner Miller said the still was his and that he lived there. When asked regarding who rented the house, Miller evidently evaded the answer. Certainly he did not say that he rented the house, and the admission can not be construed to that effect. However, irrespective of what these admissions were, I think the petition is insufficient. As said in United States v. Edelson, 2 Cir., 83 F.2d 404, 406: "As this court said in Connolly v. Medalie [2 Cir.] 58 F.(2d) 629, 630, the petitioner must allege a violation of his rights without equivocation, for he may not 'secure the remedies of a possessor, and avoid the perils of the part.'" The omission of any allegation of ownership or right to possession in the defendants seems intentionally "to secure the remedies of a possessor, and avoid the perils of the part."

■ Second: The proofs upon which the search warrant was issued are clearly

sufficient. It is based upon the affidavits of two investigators to the effect that they smelled the odor of alcohol emanating from the premises, that they heard certain movements in and about the house and cellar, observed through the cellar window a number of five-gallon tin cans of the type commonly used to contain alcohol, and tanks, funnels, and an amount of iron pipe commonly used in connection with the operation of stills.

The defendants submitted in evidence certain photographs claimed to have been taken at the point at which the investigators claimed they saw the interior of the building. It is claimed that this proves that these investigators could not see through the window in the cellar. This proof is far from conclusive. With the cellar lighted it stands to reason that the investigators could see into the interior of the cellar. The conditions when these photographs were taken are not shown to be the same as when the investigation was made. To my mind certain of these photographs refute rather than confirm the claim that the investigators could not see through the window.

Upon the return herein further affidavits of the investigators were submitted. It is claimed that some of this testimony of the investigators as given before the Commissioner and the statements made on which the search was based vary in detail. The sum and substance of all this testimony is that they sensed the smell of fermenting mash when near the premises; that in the cellar they saw a large amount of equipment and materials commonly used in the make-up of stills. It is true that the fact that they found a still upon the search has no bearing upon the question of the right to the warrant. Such findings are not considered here. Nobriga et al. v. United States, 1 Cir., 22 F.2d 507, was a case in which a search was predicated or based upon observations after entry.

On this point the defendants seem to rely mainly on the decision in Re Phœnix Cereal Beverage Co., 2 Cir., 58 F.2d 953, 954. Misconstruction is placed on this decision. Proof does not show that equipment commonly used in the operation of a still was seen in the premises. The statement that affiant had been informed that beverage equipment had been seen in the premises was no proof of that fact, and further the opinion states: "There was no characterization or description * * * of the kind of machinery seen in the brewery." Bucari v. Fili, D.C., 31 F.Supp. 433, cited herein, held only that the proof of the odor of fermenting whisky was not sufficient. That indubitably is the law.

None of the cases cited in the comprehensive brief on behalf of defendants are comparable. It is true that search warrant must conform to the constitutional provisions for its issuance and that rigid rules are applicable before the issuance of a warrant for a search of a dwelling. The proofs here meet those tests.