Sidney H. Asch, J.
Defendant has moved to challenge the legality of the search of his car and the seizure of certain items allegedly taken by the police. The People argue in opposition that unless defendant admits that he had possession of certain allegedly explosive devices which the police claim to have found in his car, he is not entitled to contest the legality of the search of his vehicle.
The defendant, who denies knowledge of any bombs, sees himself as being enmeshed in the dilemma once so vividly described by Judge Learned Hand : ‘1 Men may wince at admitting that they were the owners, or in possession, of contraband property; may wish at once to secure the remedies of a possessor, and avoid the perils of the part; but equivocation will not serve. If they come as victims, they must take on that role, with enough detail to cast them without question. The petitioners at bar shrank from that predicament; but they were obliged to choose one horn of the dilemma.” (Connolly v. Medalie, 58 F. 2d,629, 630 [2d Cir., 1932].)
What is surprising is that this simple and important threshold issue presents a question of novel impression. The incongruity of the dilemma posed to the defendant invokes what Edmond Kahn has described as the “ sense of injustice ”. Fortunately, the evolving law reflects both logic and fairness.
The problem usually has been presented in terms of an accused’s “ standing ” to move for the suppression of the yield of the search and seizure by the police. “ Standing ” to object to illegally seized evidence has confused Judges and commentators for many years (e.g., Jones v. United States, 362 U. S. 257; Wong Sun v. United States, 371 U. S. 471; Note, Standing to Object to an Unlawful Search and Seizure, 1965 Wash. Univ. L. Q. 488 [1965]; Standing to Object to an Unreasonable Search and Seizure, 34 Univ. Chicago L. Bev. 342 [1967] ; Edwards, Standing to Suppress Unreasonably Seized Evidence, 47 Nw. Univ. L. Bev. 471 [1952]; Weeks, Standing to Object in the Field of Search and Seizure, 6 Ariz. L. Bev. 65 [1964]; and Comment, Judicial Control of Illegal Search and Seizure, 58 Tale L. J. 144 [1948]; White and Greenspan, Standing to Object to Search and Seizure, 118 Univ. Pa. L. Bev. 333 [1970]; Steps, J. B., Standing to Object to Unreasonable Search and Seizure, 34 Mo. L. Bev. 575 [1970]; Quackenbush, W., Standing to Contest a Search and Seizure, 33 Tex. Bar J. 862 [1970]; Bowen, T. M., Standing and the Fourth Amendment, 38 Univ. Cincinnati L. Bev. 691 [1969]; Stopello, F. W. Standing Bequirement of the Fourth Amendment — Anachronism or Necessity?, 6 Idaho *85 L. Rev. 131 [1969]; Standing to Object to an Unreasonable Search and Seizure, 34 Univ. Chicago L. Rev. 342, n. 3 [1967]). The term “ standing ” is used, generally, to refer to a person’s right to invoke the judicial process in his behalf. In the instant context, however, it is meant to include the right of a party who is already involved in the litigation to make certain contentions. (See, generally, 3 Davis, Administrative Law, § 22.07 [1958].)
As applied to pretrial motions to suppress, determination of standing is simply recognition of the defendant’s right to invoke the statutory pretrial procedures (CPL 710.10; Fed. Rules Grim. Pro., rule 41, subd. [e]). It is only after there is a determination of “ standing ” that the court upon a hearing decides ‘ ‘ admissibility ’ ’ of the evidence contested.
Traditionally, a defendant could establish that he was ‘ ‘ aggrieved ” by an unlawful search and seizure only if he claimed and demonstrated a possessory or proprietary interest in the object seized or the premises searched (e.g., Chicco v. United States, 284 F. 434 [4th Cir., 1922]; United States v. Silverthorne, 265 F. 853 [W. D. N. Y., 1920]). These requirements frequently and often unfairly placed the defendant in the dilemma of having to claim facts that would incriminate or possibly even convict him.
In 1961, the United States Supreme Court imposed the constitutional obligation in State courts to exclude the admission of certain unlawfully seized evidence in a criminal trial (Mapp v. Ohio, 367 U. S. 643 [1961]). Just a year before the exclusionary rule was applied to the States, the Supreme Court examined the traditional rules concerning standing in the Federal courts. In Jones v. United States (362 U. S. 257 [1960]), Federal agents found narcotics hidden in a bird’s nest in a window awning of the apartment they were searching pursuant to a warrant. The defendant was a guest in the apartment that had been leased by a friend who was away for several days. The defendant was charged with having ‘ ‘ purchased, sold, dispensed and distributed ’ ’ and having ‘1 facilitated the concealment and sale of ” these narcotics. The Government contended that the defendant lacked standing to challenge the search and seizure because he had not claimed and shown the requisite interest in either the narcotics or the apartment.
The case declared that, in order to qualify as a “ person aggrieved ” by an unlawful search and seizure, the movant must have been the victim of a search and seizure. Thus, Jones liberalized the earlier requirement calling for necessary proprietary interest in the property seized or the premises searched. *86 (See Wong Sun v. United States, 371 U. S. 471, 492, supra, [1963].)
Following Jones, anyone legitimately on the premises when a search occurs may challenge the validity of the search (p. 267), and, certainly in cases where the indictment itself charges possession, the accused may move to suppress the illegally seized evidence without asserting an interest in the property seized. {Id., p. 264.)
In Jones (supra, pp. 263-264) the Supreme Court pointed out: “Petitioner’s conviction flows from his possession of the narcotics at the time of the search. Yet the fruits of that search, upon which the conviction depends, were admitted into evidence on the ground that petitioner did not have possession of the narcotics at that time. The prosecution here thus subjected the defendant to the penalties meted out to one in lawless possession while refusing him the remedies designed for one in that situation. It is not consonant with the amenities, to put it mildly, of the administration of criminal justice to sanction such squarely contradictory assertions of power by the Government. The possession on the basis of which petitioner is to be and was convicted suffices to give him standing under any fair and rational conception of the requirements of Buie 41(e).” Other cases have spelled out its relevancy to the instant situation. Where possession is “an essential element of the offense with which the defendant is charged ” (Simmons v. United States, 390 U. S. 377, 390), a defendant need not admit a possessory interest in the subject matter of the search in order to have standing (cf. People v. Stojek, 29 N Y 2d 798, revg. 34 A D 2d 205 on the dissenting opn. therein).
While Jones (supra) involved the search of an apartment, the rule therein has been extended to include automobiles (Dias-Rosendo v. United States, 357 F. 2d 124, 131). The Fourth Amendment not only applies to homes but likewise to automobiles (Carroll v. United States, 267 U. S. 132; People v. Lewis, 26 N Y 2d 547).
The fact that the defendant’s testimony at a suppression hearing may not be used against him at the trial (Simmons v. United States, supra), is no reason for holding that the automatic standing rule enunciated in Jones (supra) is no longer viable (United States v. Price, 447 F. 2d 23, 29).
Inasmuch as Jones {supra) is the law of the land, this court is constrained to follow its dictates. However, “ The States are not thereby precluded from developing workable rules governing arrests, searches and seizures to meet ‘ the practical demands of effective criminal investigation and law enforce *87 ment ’ in the States, provided that those rules do not violate the constitutional proscription of unreasonable searches and seizures and the concomitant cause and that evidence so seized is inadmissible against one who has standing to complain.” (Ker v. California, 374 U. S. 23, 34). Our appellate courts have ruled on the question of standing in various cases involving different types of suppression motions (People v. Mendez, 28 N Y 2d 94 [eavesdrop]; People v. Estrada, 23 N Y 2d 719 [search and seizure]; People v. Portelli, 15 N Y 2d 235 [confession]) but the cases did not touch upon the possessory interest issue presented here.
The Joint Legislative (Bartlett) Commission which drafted the New York State Code of Criminal Procedure was very much aware of the Jones case. The draftsmen were aware that in Jones, the statute which was rather general (Rules of Crim. Pro., rule 41, subd. [e]) conferred standing upon “ a person aggrieved”. Under the New York statute as adopted (Code Crim. Pro., § 813-c) standing was conferred upon “ A person claiming to be aggrieved * * * and having reasonable grounds to believe that the property * * * claimed to have been unlawfully obtained may be used as evidence against him.”
The rule for possession cases has been explained in a most thoughtful and scholarly opinion by the Honorable Nathan R. Sobel, while he was a Justice of the New York Supreme Court: “ Thus the rule in the ‘ contraband ’ or possession area is clear. The defendant need only show that the People propose to use the ‘ contraband ’ evidence against him. That showing ipso facto confers ‘ standing ’. The court also adds that we must not look to the indictment to determine whether the charge is in the 1 contraband ’ area. Irrespective of how the indictment is framed, if possession of the product or control of the premises convicts, a defendant has standing on a simple showing that the product seized is proposed to be used against him.” (People v. Smith, 35 Misc 2d- 533, 536).
Applying the Jones test and its New York cohort cases, it is clear that the defendant herein has cleared the threshold by establishing his ‘ ‘ standing ’ ’. Although he refuses to acknowledge either possession or ownership of the alleged bombs, he has asserted ownership of the automobile and other items which were the objects of the search and seizure. He was “ legitimately ” in his automobile at the time of the search and seizure. He has been charged with crimes of which possession is an essential element.
The People also raise the question as to the sufficiency of the defendant’s moving papers which seek suppression. Such con *88 tention is without merit. The moving papers herein satisfy even a vigorous test of a specific claim (People v. Rivera, 20 N Y 2d 669 ; People v. Solimine, 18 N Y 2d 477; Connolly v. Medalie, 58 F. 2d 629, supra; United States v. Daniels, 10 F. R. D. 225 [D. N. J., 1950]; United States v. Miller, 36 F. Supp. 391 [W. D. N. Y., 1941]; see United States v. Taylor, 326 F. 2d 277 [4th Cir.], cert. den. 377 U. S. 931 [1964]; United States v. Warrington, 17 F. R. D. 25 [N. D. Cal., 1955]).
The court therefore holds that the defendant has standing to challenge the legality of the search of his car without admitting his possessory interest in the evidence seized.