Charles G-. Tierney, J.
The court interrupted the trial of this indictment, wherein the defendant is charged with the crimes of murder and unlawful possession of a weapon as a misdemeanor, in order to conduct an evidentiary hearing relative to an oral motion of the defendant which sought to suppress two rifles which the People intend to introduce as evidence at the trial.
The District Attorney waived written notice of motion and consented that the hearing be held. The hearing was held and at the conclusion thereof the court denied the defendant’s motion. Counsel for both sides consented that this formal decision be delayed for a few days so that the trial might be speedily resumed.
The essential facts are not in dispute. Detective Miguel Valentin, assigned to investigate the homicide of Thomas Medina, learned that the weapon used to shoot the deceased had been taken to the apartment of one Yolanda Torrulla at 347 Beekman Avenue, Bronx County. Detective Valentin proceeded to the apartment and under the mattress of a bed recovered the two rifles which are the evidence sought to be suppressed. It is conceded that the entry into the apartment was warrant-less, was not incident to a lawful arrest and although the People allege a consent to enter was given it is conceded that the People have failed to show such a consent by clear and convincing evidence. It is also conceded that the defendant has no proprietary or possessory interest in the premises where the evidence was seized and that he was not present in those premises at the time the evidence was seized.
The entire motion therefore turns on the question of whether or not this defendant has standing to challenge the search and seizure of the two rifles at the apartment of Yolanda Torrulla. The court concludes that he does not. The most recent conclusive treatment of this question is contained in Brown v. United States (411 U. S. 223, 229 [1973]), where Mr. Chief Justice Burger speaking for a unanimous court said: “In deciding this case, therefore, it is sufficient to hold that there is no standing to contest a search and seizure where, as here, the defendants (a) were not on the premises at the time of the contested search and seizure; (b) alleged no proprietary or possessory interest in the premises; and (c) were not charged with an offense that includes, as an essential element of the *871 offense charged, possession of the seized evidence at the time of the contested * * * seizure.” (Emphasis supplied.)
It is conceded that the second count of this indictment charged the defendant with possession of the evidence sought to be suppressed but likewise conceded that the indictment charges possession on October 31, 1972 whereas the search was not conducted until some days later.
Defense counsel urges upon the court the argument that Brown v. .United States (supra) should be limited in its application to nonpossessory crimes. (In Brown the crimes charged were transporting and conspiring to transport stolen goods in interstate commerce.) This court cannot agree. Brown v. United States (supra) restates, refines and modifies constitutional declarations made in Jones v. United States (362 U. S. 257 [1960]) and Simmons v. United States (390 U. S. 377 [1968]) and resolves conflicting interpretations of Fourth Amendment protection existing with the various United States Circuit Court of Appeals (United States v. Allsenberrie, 424 F. 2d 1209 [C. A. 7th, 1970]; United States v. Cowan, 396 F. 2d 83 [C. A. 2d, 1968]; Niro v. United States, 388 F. 2d 535 [C. A. 1st, 1968]; United States v. Bozza, 365 F. 2d 206 [C. A. 2d, 1966]; United States v. Price, 447 F. 2d 23 [C. A. 2d, 1971], cert. den. 404 U. S. 912 [1971]).
Defense counsel further urges that the court adopt the rationale of the United States Circuit Court of Appeals for the Second Circuit expressed in United States v. Price (supra). This court finds that the expressions of constitutional interpretation contained therein, in a case of striking factual similarity to the instant case, if ever binding upon this court are no longer binding in view of the United States S^ reme Court, holding in Brown v. United States (supra).
I't was further argued that the court should rely upon People v. Feliciano (70 Misc 2d 83 [1972]), a decision of Mr. Justice Asch of this court. In Feliciano, the People urged the court to find that the defendant was without standing to challenge the legality of the search of his car, where he was present during the search which yielded explosive devices because he refused to admit that the evidence seized was his. Therefore in Feliciano, which was decided 11 months prior to Brown v. United States (supra), the defendant met all three of the tests set forth in Brown to give him standing without admitting that the evidence was his (meeting any one of the three tests would suffice to create standing under Brown). There is therefore no conflict between the holding in People v. Feliciano, and the court’s decision in the instant case.
*872 It is clear that the courts of this State have consistently held that a defendant must have standing to assert the illegality of a search and seizure (People v. Cefaro, 21 N Y 2d 252, rearg. granted 22 N Y 2d 884, revd. on other grounds 23 N Y 2d 283; People v. Gardaio, 30 A D 2d 843; People v. Gaines, 36 A D 2d 953).
The United States Supreme Court has recently stated: “ Despite its broad deterrent purpose, the exclusionary rule has never been interpreted to proscribe the use of illegally seized evidence in all proceedings or against all persons. * * * Thus, standing to invoke the exclusionary rule has been confined to situations where the Government seeks to use such evidence to incriminate the victim of the unlawful search.” (United States v. Calandra, 414 U. S. 338, 348.)
Therefore, the court concludes that this defendant who had no proprietary or possessory interest in the premises searched, who was not present in those premises when searched and is not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested seizure is without standing to contest the search and seizure of that evidence and, accordingly, the motion is in all respects denied.