**DURKIN et al. v. UNITED STATES.**

**No. 2696.**

Circuit Court of Appeals, First Circuit.

Dec. 17, 1932.

J. Lyman Gray, of Morrisey & Gray, of Springfield, Mass., for appellants.

Harry J. Meleski, Sp. Asst. to U. S. Atty., of Worcester, Mass. (Frederick H. Tarr, U. S. Atty., and Hugh S. Bagnulo, Asst. U. S. Atty., both of Boston, Mass., on the brief), for the United States.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal from a judgment of the Massachusetts District Court. The appellants were indicted under two counts; one charging them with the illegal possession of intoxicating liquors under the National Prohibition Act (27 USCA), and the second charging them with maintaining a common nuisance. Durkin was convicted under both counts, and Church was found not guilty on the first count and guilty on the second count. Each appealed, and assigned as errors that the court improperly excluded certain evidence and refused to instruct the jury (1) that there is no evidence of a liquor nuisance and a verdict of not guilty should be rendered for each defendant; (2) that, if the federal agents gained admission lawfully, but did not see any violation of the Prohibition Act upon entering room numbered 26, then all subsequent conduct was unlawful, and the jury should return a verdict of not guilty; and (3) that the court also erred in giving certain instructions to the jury. The alleged erroneous instructions, however, are not specifically presented in the bill of exceptions, unless counsel refers to certain rulings by the court in connection with the exclusion of evidence hereinafter referred to. We must therefore assume that there is no contention that the jury were not properly instructed, unless there was error in the two requested instructions that were denied.

That the evidence of the government, admitted without objection, and supported in the main by the defendant's statements at the time of the seizure, and by their testimony on the stand, was sufficient to warrant

a conviction on the second count, we think there can be no question.

The facts as shown by the record are: That on April 23, 1931, two federal agents went, by direction of and accompanied by a third prohibition agent, to visit a place in Westfield, Mass., which consisted of a business block, known as the Professional building. It appears that one of the officers was familiar with the premises. Two of the officers went up in the elevator to the fourth floor. Another passenger, then unknown to the officers, was taken up at the same time, who, as it happened, went along the corridor to room 26, and was followed by the officers. The unknown person pressed a button beside the door leading from the corridor into room 26. The door, which was locked, was opened by the respondent Durkin. The passenger entered, followed by the two officers.

Upon entering room 26, which was fitted up as a clubroom, one of the officers, by name Murphy, was recognized by Durkin. Durkin asked him if he had a search warrant; and was informed that the officers did not. Murphy then entered room 25 adjoining room 26, and found what he described as a counter or bar with shelves behind it, and on the the counter or bar one or more bottles of intoxicating liquor, and a number of glasses and a cash register, and he later discovered on the floor a gallon jar containing distilled spirits. It does not appear that Durkin made any objection to the entry by the officers, either into room 26 or 25.

The respondent Church, as Murphy entered room 25, was behind the counter with his hat and coat off, and told the officers that he worked there for $20 per week. About this time Durkin entered room 25 and told Church to "shut up" or not to answer any questions, that he was responsible and would "take the rap."

■ Up to this point there was no objection to the testimony of Murphy; but during the cross-examination respondents' counsel sought to show that there was an unlawful search by reason of the manner in which the officers gained admission, and afterward in discovering the liquor, and he was asked: "Now, is it not customary with your office that when you are going to make a raid you are armed with a search warrant?" This question was excluded, and properly so.

The other officer testified to substantially the same facts as officer Murphy, and without objection. In cross-examination he was asked: "Well, officer Murphy started in

* * * to make a search?" Whereupon the court of its own motion excluded the question, saying: "There wasn't a search made here, it was in plain sight," referring to the liquors, to which statement or ruling the respondents' counsel took exception.

■ Again, counsel for respondents asked the third officer in cross-examination: "As a matter of fact, when you found they had made a search, you were much surprised, weren't you?" To this comment followed by the interrogation, the court said: "I have already ruled as a matter of law that no search was made and I will save your exception, so that argument cannot be pursued, even in a question to the witness. The question is excluded."

This question was also properly excluded, it being immaterial.

■ Under the facts in this case we think there was no prejudicial error in these rulings or in denying the requested instructions. It is not necessary to hold that there was consent by Durkin to a search of the premises. As to the entry by the officers, it may well be that nothing more could be implied from the silence of Durkin than submission, Salata v. United States (C. C. A.) 286 F. 125; but no motion to suppress the evidence of the officers on the ground that it was unlawfully obtained was made at any time; nor was any objection raised to its admission. Not only was no objection raised to this evidence at any stage, but the defendants took the stand and admitted substantially all the facts necessary to sustain the verdict of the jury.

Durkin, testifying in his own behalf, admitted on direct examination that he was proprietor of the club, that the club occupied the two rooms, 25 and 26, and that the liquor found was there, and did not deny his statement to the officers that he would "take the rap" for whatever was found there, or that the other items of equipment indicating liquor was sold there were not present.

■ Officer Murphy having been permitted to testify to all that took place without objection, and before any question was raised that there had been an unlawful search, it was too late to raise it after the evidence had been admitted. To suppress evidence unlawfully obtained, a motion to that effect must be made before the trial begins. Segurola v. United States, 275 U. S. 106, 48 S. Ct. 77, 72 L. Ed. 186; United States v. Napela (D. C.) 28 F.(2d) 898; Go-Bart Im-

porting Co. et al. v. United States, 282 U. S. 344, 350, 51 S. Ct. 153, 75 L. Ed. 374.

The only exception is where the defendant had no knowledge, until the evidence was offered, that it had been procured by an unlawful search as in Agnello v. United States, 269 U. S. 20, 34, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409, and Gouled v. United States, 255 U. S. 298, 312, 41 S. Ct. 261, 65 L. Ed. 647.

Therefore, under the circumstances of this case, after the evidence has been received without objection, the defendants cannot, under instructions to the jury, raise the issue that the evidence of the government was illegally obtained. Weeks v. United States, 232 U. S. 383, 396, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Libera v. United States (C. C. A.) 299 F. 300; Temperani v. United States (C. C. A.) 299 F. 365; White v. United States (C. C. A.) 16 F.(2d) 870, 872; McFarland v. United States (C. C. A.) 11 F.(2d) 140; Kroska v. United States (C. C. A.) 51 F.(2d) 330, 335, note.

The judgment of the District Court is affirmed.