77 F.2d 310 (1935)
In re MILBURNE.
MILBURNE
v.
UNITED STATES.
No. 299.
Circuit Court of Appeals, Second Circuit.
May 6, 1935.
Leonard Greenstone, of Brooklyn, N. Y., for appellant.
Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of New York City, of counsel), for the United States.
Before MANTON, SWAN, and CHASE, Circuit Judges.
SWAN, Circuit Judge.
This appeal concerns the right of the appellant, Milburne, to suppress evidence and procure the return of property alleged to have been obtained by an illegal search and seizure made by police officers of New York City on May 7, 1934. On that date the appellant was lessee in possession of a two-story building in the borough of Brooklyn. He used the ground floor as a public garage and auto repair shop and had his living quarters in the second story. During a period of six days police officers had tapped the wires leading to a public toll telephone in the office of Milburne's garage and had overheard conversations from which they inferred that whisky was being sold and delivered from the premises. On the afternoon of May 7th they went there without a search warrant. In a room on the second floor they found whisky and some incriminating papers, which they seized and subsequently turned over to agents of the United States. This proceeding seeks to suppress use of the liquor and papers as evidence and to obtain the return of them to the appellant. It was begun, prior to the filing of any indictment or information against Milburne, by notice of motion and verified petition addressed to the United States Attorney and to John Flynn, Supervisor, Bureau of Internal Revenue, *311 Alcohol Tax Unit. Affidavits by two of the police officers were filed in opposition.
According to Milburne's affidavit the officers, after searching the garage, forced him to accompany them upstairs, took from his pocket a bunch of keys, and, over his protest, unlocked the door to his apartment and searched every room. In what he calls the "storeroom" they found some whisky which he kept for his own use, and in the closet of that room some books and papers which they also seized. They arrested him for a violation of the Liquor Taxing Act of 1934 (26 USCA § 267 et seq.). The story told by the officers' affidavits differs in material respects from that of the appellant. They say that they never entered the living quarters of Milburne; that having found no one in the garage they proceeded upstairs and along the hallway to a door on the right which was unlocked. They opened this door and stepped into a room where they found Milburne and two other men, with three barrels marked "Calvert Whiskey, Montreal," and all the paraphernalia of a cutting plant. On the window sill they found a list of places to which deliveries of whisky had been made in Brooklyn and Long Island, some of which places were not licensed to engage in the retail liquor business. Milburne admitted that the room was his but denied that the liquor was. One of the men telephoned to a man named Francis, who then came to the premises, and said that "the stuff" was his; he was placed under arrest.
The district judge stated in a memorandum that the opposing affidavits create a doubt whether the room searched was not in fact a cutting plant separate from but connected with Milburne's living quarters. He denied the petitioner's motion without prejudice to renewal upon the trial. The petitioner then moved for a reargument and for leave to examine the police officers orally under oath, supporting the motion by affidavits by himself, his wife, and his attorney. The district judge adhered to his view that "it is impossible to make an intelligent disposition of this motion until the trial, when all the facts and circumstances can be brought to light." He denied the motion for reargument, and on September 10, 1934, the order was entered from which this appeal is taken.
It appears from the affidavits that no indictment or information had been returned against the petitioner when his motion was before the District Court. His application for suppression of the evidence and return of the property was an independent proceeding, and denial of relief was a final and appealable order. Cogen v. United States, 278 U. S. 221, 225, 49 S. Ct. 118, 73 L. Ed. 275; Go-Bart Importing Co. v. United States, 282 U. S. 344, 356, 51 S. Ct. 153, 75 L. Ed. 374; Perlman v. United States, 247 U. S. 7, 13, 38 S. Ct. 417, 62 L. Ed. 950.
The argument has revolved chiefly about the question whether the room in which the liquor and other articles were found and seized was part of the appellant's dwelling house. If it was, concededly the search without a warrant was illegal. Agnello v. United States, 269 U. S. 20, 33, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409. Even if it was not, the search and seizure without first procuring a warrant may well have been unreasonable, in view of the abundant opportunity the officers had to obtain one. Taylor v. United States, 286 U. S. 1, 6, 52 S. Ct. 466, 76 L. Ed. 951; Go-Bart Importing Co. v. United States, 282 U. S. 344, 358, 51 S. Ct. 153, 75 L. Ed. 374. But in the view we take it is unnecessary to pass upon this question. The federal government may avail itself of evidence procured by state officers through an illegal search and seizure, provided no federal officer or agent has participated therein. Byars v. United States, 273 U. S. 28, 33, 47 S. Ct. 248, 71 L. Ed. 520; Weeks v. United States, 232 U. S. 383, 398, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Burdeau v. McDowell, 256 U. S. 465, 476, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159. The affidavits assert that the telephone wires were tapped pursuant to the affiants' duties as police officers, and there is nothing in the record to indicate that in entering the premises and conducting their search they were acting under any authority excepting such as they derived from the local law, or were seeking evidence solely of a federal crime. Compare Gambino v. United States, 275 U. S. 310, 48 S. Ct. 137, 72 L. Ed. 293, 52 A. L. R. 1381. The state had an Alcohol Beverage Control Law (chapter 478, Laws N. Y. 1934 [Consol. Laws, c. 3-B]), it is admitted that there were present "possible violations" of it, and the statement in Officer Canavan's affidavit that some of the places, to which deliveries had been made according to the seized list, were not licensed to engage in a retail liquor business, indicates that the officers were directing their attention to state violations. It is true that after discovery *312 of the whisky the officers placed Milburne under arrest on a federal charge, but this does not establish that the search and seizure were made solely on behalf of the federal government. Miller v. United States, 50 F.(2d) 505, 507 (C. C. A. 3), certiorari denied 284 U. S. 651, 52 S. Ct. 31, 76 L. Ed. 552; Burkis v. United States, 60 F.(2d) 452, 454 (C. C. A. 3), certiorari denied 287 U. S. 655, 53 S. Ct. 117, 77 L. Ed. 566; Gowling v. United States, 64 F.(2d) 796, 799 (C. C. A. 6).
In the argument below it was conceded by the United States Attorney that the legality of the search was to be determined by the federal law. He no longer makes that concession. Even if he still made it, we should not be concluded from deciding the case upon the facts disclosed and the applicable law, since the court cannot be controlled by an agreement of counsel on a subsidiary question of law. Swift & Co. v. Hocking Valley Ry. Co., 243 U. S. 281, 289, 37 S. Ct. 287, 61 L. Ed. 722; Bear River Paper & Bag Co. v. City of Petoskey, 241 F. 53, 56 (C. C. A. 6). Accordingly we think the order must be sustained. Since the appellant's motion was denied without prejudice to renewal upon the trial, he may upon renewal of the motion be able to show that the search was conducted solely on behalf of the federal government. Affirmance of the present order upon the ground stated will not conclude him if different facts appear.
Order affirmed.