UNITED STATES v. EDELSON.

No. 348.

Circuit Court of Appeals, Second Circuit.

May 4, 1936.

John K. Gerken, of Buffalo, N. Y., for appellant.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Robert M. Hitchcock, Asst. U. S. Atty., of Dunkirk, N. Y., of counsel), for the United States.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

On November 12, 1935, Edward Edelson was arrested on a commissioner's warrant charging him with a violation of the internal revenue law. After arraignment and release on bail, he filed his petition praying for the suppression of evidence which he alleged the United States attorney and Hanson of the Alcohol Tax Unit intended to present to the grand jury, and, in the event of an indictment, to use upon the trial. The petition was answered and a hearing had upon supporting and opposing affidavits. From an order refusing to suppress the evidence, Edelson has appealed. This is an appealable order. In re Milburne, 77 F.(2d) 310 (C.C.A.2).

The evidence sought to be suppressed was obtained as the result of a search of a two-story building in Buffalo, which carried a sign reading "The E. J. Willis Co." On the morning of July 30, 1935, four police officers went to these premises in response to a complaint that a state statute (N.Y.Penal Law [Consol.Laws, c. 40] § 1530) was being violated. They entered the office and found there a man named McCrory. In response to inquiries, he told them that the business carried on was the manufacture of chemicals and that no alcohol was distilled on the premises. Lieutenant McClellan then asked to be shown through the plant to make an inspection. McCrory replied, "Very well, just a minute and I will get Mr. Willis, who is on the first floor." McCrory left the office but did not return. When the policemen tried the door through which he had departed, they found it locked. They then went through the building, but found no one. In a closet, the door to which they broke in, was clothing which they inferred belonged to workmen. They found a hydrometer and observed several large tanks, but could not identify the liquids contained therein. Lieutenant McClellan then telephoned Hanson, who sent over two federal agents. The policemen informed them of what had occurred and of their suspicions. The combined force then proceeded to make a complete search of the premises. By breaking down a corrugated iron partition, they discovered a still. They also found a hose from which they drew alcohol. Samples were taken from the various drums and tanks which subsequent analysis proved to contain denatured alcohol and "cleaned" alcohol. In short, the establishment was a plant for cleaning denatured alcohol. Edelson claims that he was in possession of the premises under a lease.

This is not a case where the federal government is seeking to make use of evidence improperly seized by state officers acting on their own account. It is conceded that the seizure was made by the federal agents, and it is plain that they were called by the police to search as federal officers. Hence the motion to suppress the evidence must be tested by their right, if any, to make the search, and it is immaterial that it was successful in bringing to light a violation of a federal statute. Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520. Under the circumstances disclosed, the search was unreasonable and illegal. It was not made pursuant to a search warrant, although there was ample time to secure one if adequate cause existed for issuing it. Nor was it made in connection with any lawful arrest. The federal agents acted solely on the suspicions communicated by the police, although the police had found no evidence of a federal crime before the agents went in. McClellan's discovery of a hydrometer in an establishment said to be manufacturing chemicals gave no reasonable ground to suspect an illicit still. Nor can we hold that the disappearance of McCrory and the absence of workmen were enough to justify a general ransacking of the premises for evidence of guilt without a search warrant. Neither can the government's contention that McCrory gave consent to the search be sustained. Upon principles frequently laid down by the Supreme Court, the search

must be held illegal. Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S. Ct. 153, 75 L.Ed. 374; United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877, 82 A.L.R. 775; Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L. Ed. 951.

 It is urged that Edelson has not sufficiently alleged his interest in the property illegally seized. His petition alleges only that "he was in possession under a lease" of the premises. As to the property seized, it mentions only the unregistered still. His supporting affidavit refers also to the seizure of "certain books, papers and documents," and asks for their return. An allegation of possession of the premises may be deemed to allege possession of the still which was a fixture therein, and perhaps is sufficient to include possession of books, papers, and documents within the premises. On renewal of the motion, however, he should allege and prove more specifically his ownership or possession of the seized property which he wishes to have suppressed as evidence and returned. As this court said in Connolly v. Medalie, 58 F.(2d) 629, 630, the petitioner must allege a violation of his rights without equivocation, for he may not "secure the remedies of a possessor, and avoid the perils of the part."

Order reversed, and cause remanded for further proceedings in conformity with this opinion.