## UNITED STATES v. PREISEN.
### No. 239.

Circuit Court of Appeals, Second Circuit.
April 11, 1938.

John K. Gerken, of Buffalo, N. Y., for appellant.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Robert M. Hitchcock, Asst. U. S. Atty., of Dunkirk, N. Y., of counsel), for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order denying a motion by the defendant George Preisen, (1) to suppress evidence obtained by an alleged unlawful search and seizure, (2) to restrain the United States attorney from using such evidence, and (3) to return an automobile said to have been unlawfully seized. The order of the court below, in our opinion, was right and should be affirmed.

Government agents received information that the defendant George Preisen was operating a still in the vicinity of Buffalo. On March 1, 1937, they trailed Robert Preisen, the son of George, to a bakery where he purchased a 50-pound carton of yeast. The same thing happened on March 5 and March 8. In each case Robert drove a Ford coupe bearing license number "4–E–1323." On March 4 the agents followed a truck driven by George on which was painted the inscription: "Dealers Oil Corp. Inde. Penn Motor Oils, 1556 Clinton Street, Buffalo, New York." He drove it to a warehouse in that city where it was loaded with 25 bags of sugar and later became lost in the traffic. The defendant George Preisen and his family left Buffalo about the end of March, 1937.

On July 26, 1937, the government agents again saw in Buffalo the Ford coupe which had previously been used by Robert Preisen in transporting the yeast. They followed it from Buffalo over a forty mile route to a farm in East Aurora, which the defendant and his wife had acquired. The route taken to reach the farm was circuitous and if a direct one had been adopted it would have been necessary to traverse only seventeen miles instead of forty. The coupe at that time was driven by the defendant's wife. When the agents reached the farm they detected the odor of fermenting alcohol mash and saw a galvanized smokestack in the rear portion of a small barn and noticed that electric wires ran from the corner of the barn to the farm house. The agents having become convinced that they had found the place where the defendant was operating a still drove to the village of East Aurora, obtained the aid of a State Trooper, and returned with him to the Preisen farm. When they left for East Aurora, Robert Preisen trailed them for a time in the coupe but then turned and drove the car back to the barn. A door in the rear on the second story of the barn had blown open and a large copper column was seen through it. Likewise through a window in the side of the barn some large vats and a number of oil drums and a quantity of five gallon cans became visible to one of the agents. On this evidence of the presence of a still on the premises, confirmed by the strong odor of mash which they had sensed about the barn from the beginning, they entered the barn through the open door in the rear, went up to the second story and through a hole in the floor saw the still itself behind a partition that ran across the first floor. Thereupon they came down, broke a padlock on the partition door, and came into the room where a 700-gallon still was found. Whoever had been in the room had fled. They then went to the farm house and were told by Mrs. Preisen that she and her husband owned the farm. She was then arrested.

About one o'clock in the morning the defendant George Preisen came to the farm in the truck which has already been described and was arrested for ·carrying on the business of a rectifier without having paid the tax and for carrying on the business of a distiller without having the still registered and without giving a bond. On the truck two staves and a tire were missing. These were found in the barn containing the still. The Ford coupe was seized and forfeiture proceedings were instituted and are pending under section 1624 of title 26 of the United States Code, 26 U.S.C.A. § 1624.

The proofs indicate that it was necessary to enter the barn, to go up to the second floor and break open a door in order to look down and see the still and that it then became necessary to break the padlock on the first floor in order to enter the room where the still was.

Upon the petition of George Preisen for an order to suppress the evidence, to restrain its use before the grand jury and to require the return of the Ford ·coupe, an order to show cause was granted directing Hanson, who was in charge of the United States Tax Unit, and the United States Attorney for the Western District of New York to show cause why the relief prayed for in the petition should not be granted. In the return to the order to show cause it was alleged that the license for the Ford coupe was in the name of ·Robert Preisen, and not George, and that the car belonged to the former. Upon the proofs we have set forth the rule to show cause was discharged and an order was entered denying the relief prayed for.

No warrant was ever issued for the search of the barn, and the government justifies the search and seizure on the ground that there was probable cause for the entry of the barn, the arrest of Mr. and Mrs. Preisen, and the seizure of the automobile. The questions before us are, (1) whether probable cause for the search and seizure was shown, and (2) whether the court has summary jurisdiction to order the return of the Ford coupe.

That there was probable cause for the search seems plain. The father and son had been acting both in Buffalo and at the farm in a way that only persons engaged in operating an illicit still would be likely to act. The son had used the Ford coupe in Buffalo to transport large quantities of yeast and the father had used the truck with

the misleading sign in order to transport a large amount of sugar. When the agents finally tracked the coupe on July 26 from Buffalo to the farm it was driven by Mrs. Preisen who went by a route many times longer than was necessary to reach her destination. On arriving at the farm the agents smelt a strong odor of alcohol mash near the barn and saw the smokestack and electric wiring on the building. When leaving for East Aurora to get the State Trooper they were trailed by Robert Preisen and, on their return to the farm, saw the column, vats, oil drums, and five gallon cans—all plainly indicative of an illicit distillery—before they even entered the barn. There was need of haste to prevent the escape of those engaged in the unlawful enterprise as well as to obtain the instrumentalities for purposes of forfeiture which the distillers were employing to carry it on. It was nearly five o'clock in the afternoon of July 26 when the agents saw the copper column, the vats, oil drums, and five gallon cans through the open door and side window and decided to enter the barn. There was greater emergency and less time available for obtaining a search warrant than in Taylor v. United States, 286 U.S. 1, 52 S. Ct. 466, 76 L.Ed. 951. The agents had reason to know that Robert Preisen was aware that he was being watched and to fear that he might escape, as he in fact did. We think that, under the circumstances, officers engaged in enforcing the revenue laws were justified in going upon the farm to discover an illicit still, Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898, and when it became reasonably certain that the still was housed in the barn that they were justified in entering it without a search warrant in order to arrest the offenders, if they were within, and to seize contraband articles. Carroll v. United States, 267 U.S. 132, 149, 45 S.Ct. 280, 283, 69 L.Ed. 543, 39 A.L. R. 790; Boyd v. United States, 116 U.S. 616, 623, 6 S.Ct. 524, 29 L.Ed. 746; Milburne v. United States, 2 Cir., 77 F.2d 310.

This is not a case of the seizure of papers for use in the prosecution of the defendant, but of contraband goods and instruments of crime which the government claims a right to have forfeited.

Even if the entry and seizure had been illegal there was no reason to determine in advance of trial whether evidence in respect to any instruments of crime seized by the officers should be suppressed or whether a return of the

Ford car should be allowed otherwise than in a forfeiture proceeding. The right to the return of that car is already being tested in the forfeiture proceeding brought under section 1624 of title 26 of the United States Code, 26 U.S.C.A. § 1624, in which all parties in interest may assert their claims. It seems undesirable, if not legally impossible, to order the return of the car to the defendant in the summary proceeding on review by this court, when the answer of the United States Attorney and the officer in charge of the United States Tax Unit alleges that the car is not the property of the defendant, but of Robert Preisen his son. There clearly should be a hearing, on notice to Robert Preisen, even if that notice be only by a monition published in the forfeiture proceeding, before a court disposes of what may be his property. The rule announced in In re Behrens, 2 Cir., 39 F.2d 561, governs.

The order is affirmed.