## UNITED STATES v. LINDERMAN.
### No. 37952.

District Court, E. D. New York.
Jan. 8, 1940.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Phillip J. Hirsch, Asst. U. S. Atty., of St. George, S. I., N. Y., of counsel), for plaintiff.

Henry G. Singer, of Brooklyn, N. Y., for defendant.

MOSCOWITZ, District Judge.

This is a motion for an order suppressing evidence illegally obtained at the home of the defendant at premises 742 Park Avenue, Brooklyn, New York.

On September 26, 1939, in the afternoon two Police Officers rang the door bell of defendant's home and searched his house without a search warrant. and without probable cause.

It is claimed that the search was with the consent and permission of the daughter of the defendant during the defendant's absence from the premises.

Submission to lawful authority, that is the presence of Police Officers, amounts to a submission but does not rise to the dignity of a consent to the searching of one's home. See United States v. Hoffenberg, D.C., 24 F.Supp. 989, and cases cited therein.

An illegal search and seizure conducted by the State Police Officers without the knowledge, consent or approval of the Agents of the Alcohol Tax Unit but subsequently adopted by the Government does not prevent a criminal prosecution upon the evidence illegally seized. Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293, 52 A.L.R. 1381; In re Milburne, 2 Cir., 77 F.2d 310; Schroeder v. United States, 2 Cir., 7 F.2d 60; Rettich v. United States, 1 Cir., 84 F.2d 118.

I am bound by the decisions of the higher Courts. If I were approaching this question initially I should decide that, if State officers exceeded their authority and made an illegal search and seizure, the evidence obtained by the Police Officers should not be admissible for prosecution in the Federal Court.

Motion denied.