## UNITED STATES v. SUTTENBERG.

### Cr. 38189.

District Court, E. D. New York.

Oct. 22, 1940.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Maurice Z. Bungard, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Kenneth E. Vought, of Brooklyn, N. Y., for defendant.

MOSCOWITZ, District Judge.

This is a motion for an order suppressing the evidence obtained at the time of the arrest of the above-named defendant by a police officer of the City of New York.

Disposition of this motion has been withheld pending the submission of the minutes of the hearing in the Magistrate's Court of the City of New York. The attorney for the defendant has advised the court that such minutes will not be forthcoming.

The police officer who made the arrest submitted an affidavit containing the following:

"Acting upon police information, independent of any other source, together with Patrolman Abraham J. Gordon, I went to the vicinity of 286 Watkins Street, Brooklyn, New York. At about 7:25 P. M. I observed defendant in an automobile, license No. 8 L 467, drive up in front of premises 286 Watkins Street and saw him converse with a colored man and receive money in the form of paper currency. I saw him leave the premises and then return in about ten minutes, when I saw him take out a package from the automobile. I identified myself as a police officer and examined the package and found same to be a five gallon tin can containing whiskey. There were no revenue stamps attached to the can or the outside wrapper indicating the payment of any federal tax. I questioned the defendant and he stated he was employed by one Joe Levine of 560 Bristol Street, and that he, the defendant, got the alcohol at a drop or garage at 375 Rockaway Parkway. We then went to the garage at Rockaway Parkway and found other cans of tax unpaid alcohol, and then proceeded to the home of Joe Levine. I then placed both men under arrest and took them to the Rockaway Avenue Police Station, being 73rd Precinct.

"At that time, I attempted to communicate with the Alcohol Tax Division, but there was no reply, so we then communicated with the New York Office, and about 10 o'clock a Mr. Andrew Hurley, Special Investigator of the Alcohol Tax Unit, came to the night court on Snyder Avenue, where he met us. The defendant and Levine had already been booked in the police station. On the following morning, July 13th, 1940, the seizure was adopted by the agents of the Alcohol Tax Unit of the Brooklyn office.

"That at no time was there any collusion between the federal authorities and the police officers in this case and the first the federal officers knew about this matter was after the defendants had been arrested and brought to the police station, and a telephone call was made by deponent, first to the Brooklyn office, where there was no response, and then to the New York office."

 There can be no question that upon the facts claimed by the police officer the search and seizure were illegal and that, if such acts had been done by government officers, such search and seizure would be declared illegal and the evidence would be suppressed. Furthermore, if it appeared that said illegal search and seizure were not made by state police officers alone but in collusion with federal officials, such search and seizure would be declared illegal and the evidence obtained thereby suppressed.

The United States courts have held that an illegal search and seizure made by state police officers but subsequently adopted by the government does not prevent a criminal prosecution upon such evidence. This court had occasion to consider this question in United States v. Linderman, 32 F.Supp. 123, 124.

It seems a sad commentary on justice where an illegal search is made upon an individual and his property seized as a result thereof, that such evidence should be admissible in a court of law, however, such is the decision of the courts which this court respectfully accepts. This court had occasion to refer to this very subject matter in the following language in the case of United States v. Linderman, supra:

"An illegal search and seizure conducted by the State Police Officers without the knowledge, consent or approval of the Agents of the Alcohol Tax Unit but subsequently adopted by the Government does not prevent a criminal prosecution upon the evidence illegally seized. Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293, 52 A.L.R. 1381; In re Milburne, 2 Cir., 77 F.2d 310; Schroeder v. United States, 2 Cir., 7 F.2d 60; Rettich v. United States, 1 Cir., 84 F.2d 118.

"I am bound by the decisions of the higher Courts. If I were approaching this question ·initially I should decide that, if State officers exceeded their authority and made an illegal search and seizure, the evidence obtained by the Police Officers should not be admissible for prosecution in the Federal Court."

Motion denied.