## UNITED STATES v. AMOIA.
### No. 5194–C.

United States District Court
W. D. New York.
Jan. 20, 1950.

George L. Grobe, U. S. Attorney, Buffalo, N. Y., Michael J. McMorrow, Asst. U. S. Attorney, Buffalo, N. Y., of counsel, for plaintiff.

John J. Carlo, Buffalo, N. Y., for defendant-petitioner.

KNIGHT, Chief Judge.

This is a return of an order directing the United States of America to Show Cause why an order should not issue suppressing the evidence obtained by virtue of an alleged illegal search and seizure and why it should not be restrained from making any further use of the evidence obtained by virtue of an alleged illegal search and seizure.

Defendant Amoia resides in a private dwelling at 568 Busti Avenue, Buffalo, N. Y. On or about October 2, 1949, one Newman, a patrolman of Buffalo police department, went to the aforesaid dwelling for the purpose of serving a notice upon

the Amoia family regarding one of their children. Getting no response to his ring at the doorbell and the door being open, he went in. Seeing no one on the ground floor, and noticing a light burning in the cellar, he called and receiving no answer, went into the cellar and there he saw what appeared to be a still in operation. He makes an affidavit that he went for the sole purpose of serving the aforesaid notice on the Amoia family.

As result of a communication from his superior officer one Weidemann, a criminal investigator employed by the Federal Alcohol Unit of Bureau of Internal Revenue, went to the aforesaid premises, found the Buffalo Police officer there and saw a still. He proceeded to make a routine investigation regarding the still, and later, when Amoia, the defendant, arrived at the premises, talked with him about the still which, as he said, he admitted was his and then placed him under arrest, seized samples of mash and ale and destroyed the still on the premises. This officer also made an affidavit that he had no knowledge of finding the still by Buffalo Police before he received instructions from his superior.

The United States opposes the suppression of the evidence of the search and seizure. Its opposition is based on two grounds:

First, that the petition for the order is insufficient because petitioner has not sufficiently asserted and proved ownership of the still and so had no stand to seek relief or suppression of the evidence. The petition states that the evidence was obtained from his private residence. Is this sufficient to show that he was in possession of the evidence seized?

In United States v. Edelson, 83 F.2d 404, 406, (decided in this Circuit) a similar question was raised. In that case the defendant Edelson claimed to be in possession of the premises in question under a lease. The court there said: "His petition alleges only that 'he was in possession under a lease' of the premises. * * * An allegation of possession of the premises may be deemed to allege possession of the still which was a fixture therein, and perhaps is sufficient to include possession of books, papers, and documents within the premises. On renewal of the motion, however, he should allege and prove more specifically his ownership or possession of the seized property which he wishes to have suppressed as evidence and returned." It might be said that this reference to seized property and to renewal of the motion was intended to refer to certain books, papers and documents seized and not to the still in that case. The court refers to the still as a fixture, but the opinion does not disclose the manner of its attachment to the real estate. However, it does not seem that that would make any difference with the decision herein.

■ It seems to me that the allegation that the still was seized on or in petitioner's private home is sufficient to sustain the petition as respects that matter.

■ Second, there are many decisions of the courts as to when a search and seizure is made by Federal officer in connection with state or local police officers. Under the authorities it seems to me this search and seizure was illegal. By reason of information furnished through his superior, the investigator went to and into the dwelling. The police officer had performed the task for which he went to this place. The investigator had no authority to enter the dwelling. The Federal officer made the search and seizure without any warrant, though there was ample time in which to have procured it. See: Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663, and cases there cited.