## UNITED STATES v. RATHMANN.
### No. 6318-C.

United States District Court,
W. D. New York.

June 3, 1954.

John O. Henderson, U. S. Atty., and Robert P. Freedman, Asst. U. S. Atty., Buffalo, N. Y., for plaintiff.

Robert J. Lansdowne, Buffalo, for defendant.

KNIGHT, Chief Judge.

Defendant has moved "for a ruling or order setting aside the seizure of all of the envelopes removed from the defendant's automobile while the same was parked in the vicinity of 391 Delaware Avenue, Buffalo, New York, on the 17th day of April, 1954 and any and all other items removed therefrom at such time and place and enjoining and restraining the United States of America from using the evidence obtained and the property removed from defendant's automobile on such occasion, against the defendant herein, upon the trial of the above entitled action, or any other action, and directing the destruction thereof upon the ground that same was obtained illegally and without any search warrant, and in violation of the Fourth and Fifth Amendments to the Constitution of the United States  *  *  *."

From the affidavits and the oral arguments, I find the facts to be:

On the 17th day of April, 1954, defendant parked his automobile on Delaware Avenue, Buffalo, New York, in front of or near No. 391; that he went to a massage parlor at that number and received a treatment; that he left the parlor and wandered to the basement stairs where he fell asleep; that some person complained to the Buffalo police at Station No. 3 relative to some infraction of law at premises 391 Delaware Avenue, and Patrolmen John Whitmer and George Miller responded and brought defendant to the Station house; that there had been an earlier complaint reported of an assault and robbery at or near 391 Delaware Avenue; that Detectives Angelo A. Cofrancisco and Edward J. Cleary took defendant in the precinct automobile from the Station house and went to 391 Delaware where the Detectives interviewed several witnesses and concluded that defendant was not implicated in either complaint; that Cofrancisco inquired of defendant if he had an automobile and learned that defendant had an automobile which was then parked about 20 feet down Delaware Avenue from the front of 391 Delaware Avenue; that Cofrancisco asked defendant for the keys to his automobile so that Cofrancisco could inspect the automobile; that defendant took his keys from his pocket and handed them to Cofrancisco who then went to the automobile, unlocked the door and in-

spected the inside of the automobile where he discovered a number of envelopes in the glove compartment and in the trunk, most of which envelopes appeared to have been opened; that Cofrancisco retained possession of the envelopes, relocked the automobile, went back to the precinct automobile and the three men returned to the Station house; that Cofrancisco then telephoned to the Post Office to report the discovery of the opened envelopes and thereafter Inspector Burks and an associate, Albert Eberhardt, Foreman of Buffalo Depredation Detail went to No. 3 Station house, where they met the police officers and defendant and received from Cofrancisco the envelopes which had been taken from defendant's automobile; that Inspector Burks had not previously known defendant and no complaint had theretofore been made against him in connection with defendant's employment as a letter carrier relating to rifled mail; that the search and seizure by the Buffalo police officers was conducted without the knowledge, collusion or collaboration of Federal government agents.

Thereafter defendant, a Postal service employee, was indicted by the grand jury charged with the embezzlement of "forty-four articles of mail and the contents thereof, which mail had come into his possession intended to be conveyed and delivered by defendant, in violation of Section 1709, Title 18, U.S.C."

In the present case it is not disputed that the articles of mail and the contents thereof were discovered in defendant's automobile by police officers of the City of Buffalo and were seized and brought by them to No. 3 Police Station before the Federal agents were called. Whatever wrong, if any, was done in the seizure of the articles occurred prior to and without the knowledge, collusion or collaboration of any Federal agent. If the seizure was illegal, defendant has his right of redress against those who wrongfully took his property, under the facts disclosed, which is a matter not pertinent to the determination of this motion.

In the opinion of Mr. Justice Day in Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, the use of books, papers, etc. which had been stolen from petitioner and thereafter came into the hands of Burdeau, Special Assistant to the Attorney General of the United States, was permitted where it did not appear that Burdeau or any official or agent of the United States, or any of the Departments had anything to do with the search and seizure of the books, papers, etc. The determination in the Burdeau case has persisted and continues to be the rule. And see United States v. Linderman, D.C., 32 F.Supp. 123, and cases therein cited; United States v. Amoia, D.C., 91 F.Supp. 225; United States v. Suttenberg, D.C., 35 F.Supp. 861, 862.

In as much as there is no dispute that the seized articles were taken without the knowledge, collusion or collaboration of any Federal agent, the question of the search and seizure by the police officers with the defendant's consent is not deemed necessary to be decided at this time.

Defendant's motion for the suppression of evidence is denied. Present order.