**FIREMAN'S FUND INSURANCE COMPANY, Appellant,**

v.

**C. K. DUNLAP, Katherine Dunlap, Mack Smith, Jr., Andrew Franklin Smith, Erlie G. Williamson, Addie Williamson, Lenneau Williamson as Administrator of the Estate of Earl Williamson, H. H. Sanders, individually and as Administrator of the Estate of H. C. Sanders, and Olive Sanders, Appellees.**

No. 8770.

United States Court of Appeals Fourth Circuit.

Argued Jan. 11, 1963.

Decided May 2, 1963.

David W. Robinson, II, Columbia, S. C. (J. Means McFadden, Robinson, McFad-

**444**

den & Moore, Columbia, S. C., Albert L. James, Jr., and Paulling & James, Darlington, S. C., on brief), for appellant.

Derrick Kenneth Baker, Darlington, S. C. (James P. Mozingo, III, Darlington, S. C., on brief), for appellees.

Before HAYNSWORTH and BOREMAN, Circuit Judges, and LEWIS, District Judge.

LEWIS, District Judge.

This is an action for declaratory judgment brought by Fireman's Fund Insurance Company alleging that it has no duty under an automobile liability insurance policy to defend or pay judgments obtained in any actions arising out of the deaths of Earl Williamson and H. C. Sanders.[1] Both Sanders and Williamson were killed when struck on October 14, 1961 by an automobile owned by the insured, C. K. Dunlap and Katherine Dunlap. Fireman's Fund Insurance Company alleges that it has no obligation under the policy because the automobile was being used at the time without permission of its insured C. K. Dunlap.

Named as defendants are the insured C. K. and Katherine Dunlap, Andrew Franklin Smith, the driver of the vehicle at the time Sanders and Williamson were killed, his father Mack Smith, Jr., and the parents and administrators of the estates of Earl Williamson and H. C. Sanders. All of the defendants are residents and citizens of the State of South Carolina, and the only basis for jurisdiction is diversity of citizenship, the plaintiff being a corporation organized and existing under the laws of the State of California.

The defendants Sanders and Williamson contend there is no controversy between plaintiff Fireman's Fund Insurance Company and defendant C. K. Dunlap, and that therefore C. K. Dunlap should be realigned as a party plaintiff and the action dismissed for lack of jurisdiction.

The District Court, having considered the matter upon the pleadings and discovery depositions, found as a fact that there was no controversy between Fireman's Fund Insurance Company and its insured C. K. Dunlap, and realigned the parties and dismissed the action for lack of jurisdiction on the ground that there was no diversity of citizenship among the parties.

We must affirm unless the District Court's findings are clearly erroneous.[2]

It is clear from an examination of the record that the sole ground on which the insurance company denies liability is that the automobile in question was being used at the time without the permission of C. K. Dunlap. With this Dunlap agrees. He also filed a cross-claim against Sanders and Williamson seeking a declaration that he was under no liability to them because the automobile was being used without his permission. In fact, Dunlap and the investigators for the insurance carrier have fully cooperated in their endeavor to establish this defense both prior and subsequent to the filing of this suit in the District Court.

The insurance carrier, however, contends: Agreement between the Dunlaps and the company on this factual question does not mean that they are in accord on the company's duty to defend or indemnify.—They (Dunlaps) demand a defense whether or not they are liable or coverage exists.—The company claims it has no such duty, even if the Dunlaps are liable, if the facts fail to bring the claim within the coverage;—and that such "controversy" is sufficient to sustain the jurisdiction of the District Court.

The necessary prerequisite for jurisdiction in cases for declaratory judgment is the existence of an "actual controversy"[3] between the parties, and here none exists.

---

1. No wrongful death actions were pending when this suit was filed.

2. Rule 52(a) Federal Rules of Civil Procedure.

3. Title 28, § 2201, U.S.C.A.

The only possible ground of jurisdiction in this case is diversity of citizenship; and, when the parties are realigned in accordance with their respective interests, the Dunlaps must be aligned with the plaintiff and the necessary diversity of citizenship is destroyed as all of the defendants are citizens of the same state as the Dunlaps. The rule, in a similar situation, was thus stated in Helm v. Zarecor, 222 U.S. 32, 32 S.Ct. 10, 56 L.Ed. 77. See also State Farm Mutual Automobile Insurance Company v. Hugee, 4 Cir., 115 F.2d 298, 132 A.L.R. 188.

Here the appellant insurance carrier, in its pleading, makes the Dunlaps parties defendant, alleging there is a controversy over the company's duty to defend and indemnify them in the anticipated Sanders and Williamson suits. But that contention is without merit. The terms of the contract between the insurance carrier and the Dunlaps expressly provide " * * * the company shall defend any suit * * * seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; * * *."

Except for the naked allegation in its complaint, there is no evidence in this record sustaining the plaintiff's contention it has no duty to defend. To the contrary, the record discloses that the insurance carrier, in cooperation with the Dunlaps, has proceeded with the investigation of the accident preparatory for trial or settlement when and if appropriate suits are instituted.[4]

The carrier's other contention that its duty to defend is limited to "claims" within the coverage of the policy, is likewise untenable.

The company in its policy of insurance [5] expressly obligates itself to defend any suit seeking damages, even if the allegations of the suit are groundless, false or fraudulent, and it can not relieve itself of that obligation by asserting the automobile in question was then being driven without the permission of the named insured (Dunlap).[6]

The "claim" is clearly within the coverage of the policy if the complaints for wrongful death allege that Andrew Franklin Smith was driving with the express or implied permission of C. K. Dunlap. Here, Lenneau Williamson, administrator of the estate of Earl Williamson, both in his answer to the complaint filed in the District Court and in his complaint for wrongful death filed in the Court of Common Pleas, Darlington, South Carolina,[7] so alleges.

It is the allegation to that effect, not the proof, that imposes the duty to defend. This is so even though no likelihood presently appears that the allegation could be supported by any evidence. Of course, if the wrongful-death plain-

4. Wrongful death suits were instituted by Sanders and Williamson during the pendency of this appeal.

5. "Coverage A—Bodily Injury Liability; Coverage B—Property Damage Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
"A. bodily injury, sickness or disease, including death resulting therefrom, herein after called 'bodily injury,' sustained by any person;
"B. injury to or destruction of property, including loss of use thereof, hereinafter called 'property damage';
"arising out of the ownership, maintenance or use of the automobile or any non-owned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; * * *."

6. "Persons Insured: The following are insureds under Part I:
"(a) With respect to the owned automobile,
"(1) the named insured and any resident of the same household,
"(2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured; * * *."

7. Copy of the complaint filed in the Court of Common Pleas was an exhibit attached to the motion to dismiss filed in this court.

tiffs sought to hold Dunlap upon the basis of some unrelated contractual theory, there might not be any duty to defend, but such is not the case here.

It therefore appears there was ample basis for the finding of the District Judge that the controversy between the Dunlaps and the insurance carrier as to the duty to defend, is nominal and not real, while the insurance carrier and Dunlap cooperated together for the purpose of obtaining a declaration that Smith was not driving with the permission of Dunlap, in the hope that both would be absolved. His ultimate finding that there is complete identity of interest as between the insurance carrier and Dunlap is not clearly erroneous; and

The order realigning the insured as a party plaintiff and dismissing the suit for lack of jurisdiction is affirmed.