## UNITED STATES v. LEE.
### No. 336.

Circuit Court of Appeals, Second Circuit.
April 6, 1936.

Maxwell Shapiro, of New York City (Asa S. Herzog, of New York City, of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New York City (Robert E. Pratt, of New York City, of counsel), for the United States.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellant was indicted August 2, 1935, on two counts; the first, charging him with unlawfully, willfully, knowingly, and fraudulently receiving, concealing, and facilitating the transportation of narcotic drugs, to wit, smoking opium, and, the second count, of receiving and concealing a quantity of Yen Shee, both in violation of title 21, § 174, of the United States .Code (21 U.S.C.A. § 174). He moved, on September 25, 1935, that the seized opium be suppressed as evidence on the ground that it was obtained from his residence by government agents by reason of an unlawful search and seizure, in violation of the Fourth Amendment to the Constitution. The District Court denied the motion which was made upon affidavits only.

At the trial, the opium thus seized, was offered in evidence against appellant. The testimony in support of the government's case was that two narcotic agents, after receiving a telephone call, proceeded to the appellant's residence in an apartment house. While at the front door of the apartment, one put his face to the door and smelled the odor of opium. After waiting in front of the door for two minutes while his fellow officer went up on the roof to guard against any escape, he rang the bell and knocked at the door, which was opened by a Chinese boy whom he immediately took into custody. This agent, without the consent of the boy and without any search warrant, entered the rooms and proceeded to a point where he could see into the bedroom. There he saw an opium smoking outfit lying on a dresser. He then placed the boy under arrest, went through, and let his fellow agent in through a back window, and together they searched the apartment, which smelled strongly of opium. They found the opium and Yen Shee in question in a suitcase in a closet. They waited in the apartment, and later in the evening, when the appellant came home, upon his admission that the place was his home, they arrested him. All the seized narcotics were offered in evidence. Appellant denied ownership of the narcotics, claiming that they were left there by a friend, and said that on the day of his

arrest he left the apartment at 8 a. m. and did not return until 6 p. m.

 Objection was made to the receipt of the evidence obtained by the agents, but is was overruled, and an exception taken. There is no right to search a dwelling without a search warrant except as an incident to a lawful arrest, and seizures such as this have been consistently condemned as unlawful. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L. Ed. 652; Amos v. United States, 255 U. S. 313, 41 S.Ct. 266, 65 L.Ed. 654; Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409. See, Carroll v. United States, 267 U.S. 132, 151, 153, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; cf. Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319, 24 A.L.R. 1426; Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647; Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374. Without a warrant, seizure upon the search of a home can only be justified if it was an incident to a contemporaneous arrest there. Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 6, 70 L.Ed. 145, 51 A.L.R. 409. Appellant was not arrested at the time of the search. The search here could not be justified as an incident to a lawful arrest occurring after the illegal search. Taylor v. United States, 286 U. S. 1, 52 S.Ct. 466, 76 L.Ed. 951; United States v. Swan (D.C.) 15 F.(2d) 598. Nor was there probable cause to believe that an offense was being committed in the presence of the officers so that an arrest could be lawfully made without a warrant. According to the affidavit and testimony of the government agents, they proceeded first upon advice of an informer and upon the smell of the opium at a crack in the door. The first was inadequate to secure a warrant. Assuming that there was an odor of opium, as testified, the odor would be confined to the room. The claim that the government agent smelled it at the outer door is an insufficient showing of the necessary probable cause to believe that a crime was being committed within. Of course, the evidence illegally obtained may not be used to support the claim of probable cause. Wakkuri v. United States, 67 F.(2d) 844 (C.C.A.6). See Garske v. United States, 1 F.(2d) 620, 625 (C.C.A.8).

As stated in the Agnello Case, supra: "Belief, however well founded, that an article sought is concealed in a dwelling house, furnishes no justification for a search of that place without a warrant. And such searches are held unlawful notwithstanding facts unquestionably showing probable cause."

 The opium was improperly received in evidence, and should have been suppressed upon motion made therefor.

Judgment reversed.