**UNITED STATES v. KIND.**

No. 114.

Circuit Court of Appeals, Second Circuit.

Jan. 4, 1937.

Morris M. Marcus, of New York City, for appellant.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith and Frank J. Parker, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The indictment charged that the appellant "in a garage in rear of premises situate at and known as and by the street number 1205 Newkirk Avenue, in the Borough of Brooklyn, City of New York, * * * did unlawfully, wilfully and knowingly possess a certain quantity of distilled spirits in immediate containers on which there was affixed no stamp denoting the quantity of such distilled spirits nor evidencing payment of the Internal Revenue taxes imposed on such spirits." 48 Stat. 316, c. 1, title 2, § 201, 26 U.S.C. 1152a (26 U.S.C.A. § 1152a).

On April 18, 1936, agents of the government went to the garage in question, looked through the window, and observed a number of five gallon cans wrapped in paper and three gallon cans "usually used in transporting Belgian alcohol." The doors were closed and locked. An agent remained at the premises until the next morning, when the appellant drove up in a motorcar, opened the garage, and then the agent says he detected the odor of alcohol. He and the other agents entered the garage, announced that they were federal officers, arrested the appellant, looked in his car, and found in a pocket of the car two bottles containing alcohol. Neither the bottles nor the cans had internal revenue stamps. The cans and bottles were seized.

The garage was rented by the appellant. An investigator in the district advised one of the agents that the car had been used in transporting alcohol, both Belgian and domestic; and that appellant had been followed for a period of months and had been seen making deliveries of alcohol in grocery stores, drug stores, and other places.

The crime charged possession of distilled spirits in unstamped containers. The agents at no time had a search warrant. It is possible that they may have seen through the windows that the cans were unstamped, but there is no such evidence in the record. The smell of alcohol alone did not further the right of search or arrest. The alcohol would have smelled with or without stamps. The advance information was merely a tip from an unknown source. Seeing the appellant drive into a small garage operating his car does not present circumstances which warrant a search within Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790. The reasons for a permissible search given in the Carroll Case are not present here.

The information received from the unnamed and unknown person was not sufficient to show that the crime charged was committed. A motion made to suppress this evidence was denied previous to the trial. It was renewed at the trial and denied. The search and seizure was clearly a violation of the Fourth Amendment (U. S.Constitution). Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409; Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647; United States v. Lee (C.C.A.) 83 F.(2d) 195. And the evidence obtained thereby was improperly received. United States v. Lee, supra. The agents had ample time to apply for a warrant for a search, for they said they received the information or the tip in the afternoon of April 18th. The arrest was made early the next morning. Thus there was abundant opportunity to obtain a warrant and there was no probable or material change in the situation during the time necessary to secure the warrant. Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951.

Nor can the search be justified as an incident of a lawful arrest. See Agnello v. United States, supra; United States v. Lee, supra. The entry of the garage having been made without a search warrant and without probable cause, "the search and seizure were undertaken with the hope of securing evidence upon which to indict and convict" the appellant. Taylor v. United States, supra, 286 U.S. 1, at page 5, 52 S.Ct. 466, 467, 76 L.Ed. 951. The smell of alcohol alone did not strip the tenant of the garage of his constitutional guarantee against unreasonable search. In the absence of probable cause to believe that the crime—that of possessing alcohol in unstamped containers—was being committed in the presence of the officers, there was no basis for a lawful arrest, and consequently no right of search and seizure.

Judgment reversed.