**In re PORTO et al.**

**No. 3396.**

District Court, E. D. New York.

Sept. 27, 1937.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (James D. Saver, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the Government.

A. George Catalano, of Brooklyn, N. Y., for defendants.

MOSCOWITZ, District Judge.

This is a motion made by Dominick Porto, Filippo Provenzano, and Gennaro Aversano for the following relief:

"1. That any and all of the documents, records, papers and property unlawfully seized from the said petitioners, Dominick Porto, Filippo Provenzano and Gennaro Aversano, on or about the 21st day of August, 1937, at premises known as No. 9422 Ridge Boulevard, in the Borough of Brooklyn, City and State of New York, Eastern District of New York, by an unlawful and improper search and seizure, without a search warrant, be suppressed, and that the United States District Attorney be restrained from using any of said documents, papers, records and property aforesaid, before the Federal Grand Jury of the Eastern District of New York, or upon the trial of this action, or any information directly or indirectly obtained therefrom, or by means thereof.

"2. That all such property so unlawfully seized, without a search warrant, be returned.

"3. That all evidence obtained by the unlawful search and seizure, without a search warrant, be excluded before the Federal Grand Jury of the Eastern District of New York, or upon the trial of this action, and that this Honorable Court now make its order of suppression.

"4. That all of the aforesaid property, papers, documents and records so unlawfully seized, without a search warrant, were obtained by means of a trespass and, therefore, should be returned."

This motion is to be decided upon the affidavits of all the defendants as well as the testimony of the defendant Porto and government agents Thornton and Sparago.

It appears from the affidavits of the defendants that they do not claim any proprietory interest in the property seized. This in itself would justify the denial of the. motion. In Kelley v. United States (C.C.A.) 61 F.(2d) 843, 845, 86 A.L.R. 238, the court held: "There was no evidence to show that Kelley was the owner of the still and other property in the barn used in separating the alcoholic spirits from the mash, or of the barn, or a lessee thereof, or that he had any interest whatsoever in any of the property or any lawful possession of the same. * * * Kelley was under his own evidence a mere employee. True, he was engaged in the business of manufacturing liquor and may have had such custody of the illegal business as an employee would have in the absence of the owner or lessee, who seems in this case enshrouded in mystery by the fantastic tale of Kelley that he did not even know who his employer was. It is not understandable how Kelley was aggrieved by the seizure of someone else's property in which he had absolutely no interest. The most that can be claimed here is that Kelley as an employee had a certain physical custody and control of the illegal business and of the incriminatory evidence. That is not sufficient."

Prior to entering the premises, the agents smelled a distinctive odor of fermenting mash and saw the still, together with a column running up from the still. They observed a Ford sedan approach the garage of the premises and heard a horn blow. The lights in the garage were thereupon turned on, and they observed many 5-gallon cans commonly used to contain tax unpaid alcohol in the car, and in a room in the rear of the garage they saw several 5-gallon cans and several bags of sugar, and they felt a terrific heat emanating from the garage.

I thought in United States v. Kaplan (D.C.) 17 F.Supp. 920, that officers of the law were justified in entering a premise where there was a strong odor of fermenting mash emanating from the premises. It was difficult for me to comprehend why, if the sense of sight would lay the basis for establishing probable cause for an arrest and search, the sense of smell might not be permitted to rise to equal dignity. However, the Circuit Court of Appeals disagreed with this view in United States v. Kaplan, 89 F.(2d) 869.

In the case at bar, in addition to smelling a strong odor of mash emanating from the premises, the agents were able to see the still, which had a capacity of 750 gallons, and was in operation. Certainly, this is sufficient to justify their entry into the premises, as a felony was actually being committed in their presence.

While it is true that the meanest criminal is entitled to the protection of the Constitution against illegal searches and seizures, the public, too, are entitled to the protection of the Constitution. The Constitution was intended for the benefit of all the people. Motion to suppress is denied.

Settle order on notice.