## UNITED STATES v. RELLIE.

Criminal No. 38316.

District Court, E. D. New York.

May 19, 1941.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (J. Wolfe Chassen, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for plaintiff.

Louis J. Castellano, of Brooklyn, N. Y., for defendant.

ABRUZZO, District Judge.

Two motions are before the Court, one for an order to quash the search warrant described in the petition, and the other for an order to suppress the evidence obtained by that search.

The indictment charges the defendant with possession of sixty-five (65) grains of smoking opium in violation of the Harrison Narcotic Act, Title 26, U.S.C.A. Int. Rev.Code, § 2550 (a), and § 2553 (a), with intent to sell, dispense and distribute, in packages which did not have the Internal Revenue tax paid stamps affixed. The second count of the indictment charges the defendant with unlawfully receiving and conceal-

ing a quantity of narcotic drugs, imported and brought into the United States contrary to Title 21 U.S.C.A. § 173; against the peace and dignity of the United States, and contrary to the form of the statute in such case made and provided. Title 21 U.S.C.A. § 174.

The affidavit before the United States Commissioner upon which he issued the warrant contains the following allegation: "That acting upon information and belief, your deponent placed the aforementioned premises, 1236 49th Street, Brooklyn, New York, under surveillance on February 4, 1941. Your deponent had these premises under observation from one to three p. m. Your deponent saw no person entering or leaving said apartment during the period of his surveillance. Your deponent, however, in passing the front of the premises obtained a strong pungent odor of smoking opium."

The defendant contends that the search and seizure was made in violation of his Constitutional rights and in violation of the Fourth and Fifth Amendments of the Constitution.

■ An arrest made without a search warrant where the evidence indicates that the agent smelled the opium by placing his face to the door was held to be illegal and the opium improperly received in evidence. United States v. Lee, 2 Cir., 83 F.2d 195. In this case, there is an apparent distinction made between an arrest with a search warrant and one without. Under the ruling in the Lee case, as it is interpreted by this Court, it would be proper for the Commissioner to issue a search warrant based upon the information contained in the affidavit. All evidence discovered pursuant to that search warrant is admissible in evidence. The same evidence would have to be suppressed if obtained without a search warrant. This seems to be a wholesome ruling and undoubtedly the rule intended to be laid down by the Lee case. If the Court intended to go further it could very easily have said, "An arrest made *with* or without a search warrant where the evidence indicates that the agent smelled the opium by placing his face to the door was held to be illegal and the opium improperly received in evidence."

■ The search warrant must conform to the Constitution as well as to the spirit of the statute by particularly describing the person or thing to be searched. Woods v. United States, 4 Cir., 279 F. 706, 710.

The affidavit of the agent in the matter at bar particularly described the thing and place he meant to search, to wit, the apartment where he smelled the odor of opium. It must be borne in mind that this agent was experienced in matters concerning opium and had knowledge sufficient to form a belief as to the odor he smelled being that of opium.

■ The burden is not upon the government to sustain the search warrant if on its face there is probable cause, but on the defendant to show lack of probable cause. United States v. Napela, D.C., 28 F.2d 898.

The search of an apartment without a search warrant after detecting an odor of opium and hearing people running within was held to be reasonable. Pong Ying v. United States, 3 Cir., 66 F.2d 67.

The Court finds that the search warrant in the case at bar was issued properly and within the statute. Motion to quash the search warrant denied; and the motion to suppress the evidence is denied.

Settle order on notice.