## CHENG WAI v. UNITED STATES.
### No. 193.

Circuit Court of Appeals, Second Circuit.
Feb. 21, 1942.

Samuel B. Wasserman, of New York City, for appellant.

Mathias F. Correa, U. S. Atty., of New York City (John Matthew Cannella, of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

This proceeding to suppress evidence was commenced by an order to show cause directed to the United States attorney, and was heard upon supporting and opposing affidavits. The petition alleged that in the early morning of April 11, 1941, federal narcotic agents broke into the room where the petitioner was sleeping, searched his apartment without a warrant, found narcotics which belonged to him and placed him under arrest. In justification of their conduct the agents filed affidavits asserting that they detected the odor of opium coming from the apartment, and while one of them remained at the door, the other went upon a fire escape and through a rear window saw the petitioner at a stove upon which was a pan, a five tael opium can and a number of small tin containers known as "toys". He was placing covers upon these toys and apparently had been mixing honey and opium for the purpose of diluting smoking opium. Other details of what agent Teets observed need not be recited. He entered through the window, opened the door for the other agent and placed Cheng Wai under arrest. They then searched the apartment consisting of two rooms and a bath room and found the opium which he admits to be his. In his replying affidavit the appellant merely denied that "the statements" made in agent Teets' affidavit "are in accord with the facts" and prayed for a hearing "for the purpose of having the facts presented to the Court as they actually occurred." The district judge ruled that testimony was unnecessary, as the facts were sufficiently set forth to enable him to dispose of the petition, which he denied.

■■ Since the proceeding to suppress evidence was commenced before any indictment against the appellant, it is clear upon the authorities that it is an independent proceeding and the order made therein is appealable. Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950; Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159; Cogen v. United States, 278 U.S. 221, 225, 49 S.Ct. 118, 73 L.Ed. 275; In re Milburne, 2 Cir., 77 F.2d 310; In re Sana Laboratories, Inc., 3 Cir., 115 F.2d 717. Upon the merits, if the facts asserted in the agents' affidavits be accepted, the search was lawful. Here there was much more than the sense of smell to give the agents reasonable cause to believe that the crime of possessing opium unlawfully was being committed in their presence. The search and seizure were justified as incidental to a lawful arrest. Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 70 L.Ed. 145; Marron v. United States, 275 U.S. 192, 199, 48 S.Ct. 74, 72 L.Ed. 231; Lee Kwong Nom v. United States, 20 F.2d 470, 472 (C.C.A.2). Whether the statement in United States v. Lee, 2 Cir., 83 F.2d 195, 196 to the effect that the smell of opium at the outer door is insufficient cause for belief that a crime was being committed within should be adhered to, we need not decide. Cf. Pong Ying v. United States, 3 Cir., 66 F.2d 67; United States v. Sam Chin, D.C.Md., 24 F.Supp. 14, 19; United States v. Rellie, D.C.E.D.N.Y., 39 F.Supp. 21; and see United States v. Kaplan, 2 Cir., 89 F.2d 869, 870.

■ There remains for consideration the contention that appellant was entitled to a hearing at which the agents could be subjected to cross examination. As the proceeding did not require a trial by jury, we see nothing to prevent the application of Rule 11 of the Rules of the District Court, or Rules 43(e) and 56 of Rules of Civil Procedure, 28 U.S.C.A. following section 723c, as to hearing on motions and the granting of summary judgments. It is true that when the arresting officer's story seems doubtful, testimony should be taken and carefully searched. See Marsh v. United States, 2 Cir., 29 F.2d 172, 173. But if there is no substantial dispute as to the circumstances asserted by the officer's affidavit, to hold cross examination an absolute necessity would merely result in unnecessary delay and halt "the orderly progress" of the proceeding contrary to the policy of effective judicial administration recently stressed in Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783. In the case at bar the general denial contained in the reply affidavit to the effect that the agent's statements were "not in accord with the facts," without specifying in what respect they were disputed, did not, in our opinion, raise a sufficient issue to require the testimony of the officers to be taken. The only respect in which there was any specific contradiction was whether

Cheng Wai was asleep when officer Teets entered the room. The latter's circumstantial description of what he had seen him doing made the story of his being asleep wholly incredible. We see no abuse of discretion in the denial of an oral hearing. However, in the interest of protecting any possible rights of the appellant in a criminal trial which may follow, although this record does not disclose that he has been indicted, we think it expedient to provide that the denial of his motion to suppress the evidence shall be without prejudice to renewal at the trial. See Rule 41(b), F. R. C. P.

As thus modified the order is affirmed.