## UNITED STATES v. KRONENBERG.

### No. 187.

Circuit Court of Appeals, Second Circuit.

March 25, 1943.

Henry G. Singer, of Brooklyn, N. Y., for appellant.

Mario Pittoni, of Lynbrook, N. Y., for appellee.

Before L. HAND, AUGUSTUS N. HAND and FRANK, Circuit Judges.

PER CURIAM.

Only two questions deserve consideration on this appeal: the validity of the search, and the correctness of the judge's charge. The appellant argues as to the first that the officers who searched his apartment depended for their information altogether on the smell of burning opium, which came through the door and window; and that this has been many times held to be not enough. Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951; United States v. Lee, 2 Cir., 83 F.2d 195; United States v. Kind, 2 Cir., 87 F.2d 315; United States v. Kaplan, 2 Cir., 89 F.2d 869. We shall not reconsider those rulings in spite of the caveat in Cheng Wai v. United States, 2 Cir., 125 F.2d 915, because here there was more evidence to go on. The agents, when near the apartment on April 10th, had already smelled the odor of burning opium through a crack at the bottom of the door; and when they came back on the 15th, one of them climbed down the fire escape from the roof, stuck his head close to an open window, from which again he smelled it, although he was then not entirely certain. Shortly after he got to the window, the light had been put out in the apartment, and he at once went back to the roof and descended into the hall. While on the stairway he saw the other defendant, Walker, leave the door of the apartment with a paper bag in his hand, which he carried through the hallway to the door of an incinerator which led to the basement. Walker threw the bag into the incinerator and was arrested on his return to the door of the apartment; the officer rang the bell and the defendant Kronenberg came to the door; as he opened it there was a heavy smell of opium from the apartment and on Kronenberg's own breath.

■ We have never held, and it would be absurd to hold, that the sense of smell was not to be relied upon at all; all we have ever said was that, standing alone, it is not enough. Here it did not stand alone, for all the evidence, taken together, justified the conclusion that, when the officer went down the fire escape, his presence had been observed when the light was put out; and that what Walker carried from the apartment to the incinerator was something the detection of which he wished to avoid. It was, further, a reasonable conclusion from this that this was the opium which smelled so strong.

484

■ The other point is the judge's charge as to possession. He told the jury that if Kronenberg "had possession or control" of the opium, there was a presumption that it was enough to convict him unless he explained his "possession to the satisfaction of the jury." § 174, Title 21 U.S. C.A. The attempted distinction between "control" and "possession" is without substance; if Kronenberg had the opium in the same apartment with him and it was within his control, it was within his possession.

Judgment affirmed.