## JOHNSON v. UNITED STATES.
### No. 11407.

Circuit Court of Appeals, Ninth Circuit.
June 20, 1947.

Rehearing Denied Aug. 15, 1947.

Anthony Savage and H. Sylvester Garvin, both of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., Allan Pomeroy and John E. Belcher, Asst. U. S. Attys., all of Seattle, Wash., for appellee.

Before STEPHENS, HEALY and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

Anne Johnson is appealing from the judgment after she was tried, convicted and sentenced (Count 1) for purchasing "approximately 85 grains of opium prepared for smoking, which was not then in nor from the original stamped package", 26 U.S.C.A. Int.Rev.Code, § 2553(a), (Count 1) of having "knowingly received and concealed 85 grains of opium prepared for smoking, which had theretofore been imported and brought into the United States of America contrary to law * * *", 21 U.S.C.A. § 174, (Count 3) of purchasing "approximately 41 grains of yen shee, partially smoked opium prepared for smoking, which was not then in nor from the original stamped package", 26 U.S.C.A. Int.Rev. Code, § 2553(a), (Count 4) of having "knowingly received and concealed 41 grains of yen shee, partially smoked opium prepared for smoking, which had theretofore been imported into the United States of America contrary to law * * *", 21 U.S.C.A. § 174.

Appellant claims reversible error because the conviction would have no substantial support without evidence secured through an illegal search and seizure (Fourth Amendment of United States Constitution) and because of misconduct of counsel for the government.

There is substantial evidence to support the following factual situation:'

Officer Belland, with long experience on a narcotic detail, was informed that smoking of opium was in progress in a certain hotel. At the time of receiving such information, the officer was engaged in the arrest of a person, and upon completion of that duty, he proceeded to investigate the

information given him. He arrived at the hotel shortly before 9:00 p. m., taking three other officers with him, and with two of the officers, went to the second floor, where he detected a strong odor of burning opium. The officers traced the odor to room number one, and there smelled strong current of opium fumes coming from the cracks in the panels and from the cracks around the loosely fitting door. Officer Belland rapped, stated his name and requested admittance. There were sounds of some one scurrying around within the room for several minutes, after which the officer was admitted by appellant. Upon inquiry as to the opium fumes, she denied their presence, whereupon she was placed under arrest and a search for evidence of smoking opium was set in progress. A rather complete opium smoking outfit with opium was found under bed covers, the pipe still being quite warm. Yen shee was discovered in a suit case.

■ The search was not unreasonable or illegal provided the circumstances just briefly related were sufficient to constitute probable cause for the arrest. Kwong How v. United States, 9 Cir., 71 F.2d 71; Garske v. United States, 8 Cir., 1 F.2d 620; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Stacey v. Emery, 97 U.S. 642, 24 L.Ed. 1035; McCarthy v. De Armit, 99 Pa. 63; Green v. United States, 8 Cir., 289 F. 236; Pong Ying v. United States, 3 Cir., 66 F.2d 67.

The following cases are cited as authority for the conclusion that mere smell of burning opium is not sufficient to constitute probable cause. Taylor v. United States, 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951; United States v. Lee, 2 Cir., 83 F.2d 195; United States v. Kind, 2 Cir., 87 F.2d 315; United States v. Kaplan, 2 Cir., 98 F.2d 869.

Of course, there is nothing in the statutory law to the effect that the sense of smell alone is not sufficient to constitute probable cause, and, therefore, any such holding in a given case is premised upon the facts of the given case. We venture to say that the smell of opium fumes may in some circumstances be second only to the well-known maxim that "Seeing is believing." In this case we find three experienced officers being directed to the door of appellant's room by the sense of smell and there experiencing the current of the fumes coming from the cracks of an ill-fitting and loose-paneled door. Before admission, there ensues some minutes of scurrying within; when admitted, appellant is found to be alone. No one has left the room because all exits have been under observation. All of this follows the informer's "tip". The whole action on behalf of the officers has been prompt and delay for the purpose of securing warrant for arrest and search in the circumstances probably would have been fatal to the detection of the suspected crimes.

■ We hold the arrest to have been made under probable cause, and the search and seizure to have been reasonable and legal.

We come now to the conduct of the prosecuting officer.

It goes merely with the saying that public prosecutors in the performance of their duties must present their cases and their argument with care and vigor. Too much nicety would destroy the true effect of a point under presentation. It is not unusual, however, for a defense counsel to "bait" the prosecuting attorney and reasonable counter strokes may be justified even though the prosecutor is the people's attorney and should strive only for justice. The bar, however, should never be degraded to that of a pasquino by one of its officers, least of all by a government counsel in a criminal case.

The deputy district attorney closed his argument to the jury with a disconnected, flamboyant talk, mainly accusatory of defendant's counsel, asserting that in his belief counsel had "concocted" and "made up" the "story" of the defense. The appellant, however, took no exception to the remarks, and the court properly instructed the jury that the verdict should be drawn from evidence introduced and that "Statements, if any, by counsel or the court, unsupported by your own recollection of the evidence, you will disregard."

Almost at the conclusion of the instructions the court stated that neither court nor counsel knew of more that "could be done

to properly enable the jury to perform its duty." At the very conclusion the court asked counsel if anything had been overlooked and if any exceptions were to be noted. Both counsel answered in the negative, defense counsel saying, "Your honor, I have no exceptions at all."

The remarks which were complained of only after the verdict of guilty had come in constitute a good example of the way the government should not present a case to the jury. However, the evidence in the case just about demonstrates appellant's guilt, and it is hardly conceivable that the accusations by government counsel could have influenced the verdict in the slightest. Since we hold this view and since counsel for appellant was satisfied with the situation at the time the case was given to the jury, we hold that the misconduct did not constitute reversible error.

Affirmed.