**Joseph John TURNER**

v.

**Bjorn H. ANDERSEN et al.**

**Misc. No. 2088.**

United States District Court
E. D. New York.

Nov. 20, 1956.

Jerome Lewis, New York City, for petitioner.

Leonard P. Moore, U. S. Atty. for Eastern Dist. of New York, Brooklyn, N. Y., by John W. Wydler, Asst. U. S. Atty., Garden City, N. Y., for respondent.

BYERS, District Judge.

This is a motion for an order quashing a search warrant dated September 24, 1956, signed by a United States Commissioner, directing the search of premises 1831 West 9th Street, Brooklyn, New York, because of the alleged concealment therein of a still, alcohol and mash, in violation of Title 26 U.S.C. § 5008, subd. (b) (1).

The affidavit in support of the application verified October 26, 1956, and the answering affidavits of the Investigator and of the Special Agent of the Treasury Department upon which the warrant was granted, as well as that of the Investigator of the Alcohol and Tax Division who was present at the time that the warrant was put into effect, have been carefully considered; the examination reveals:

That reasonable grounds for suspicion that there was a still in the said premises are adequately stated and probable cause was shown. See: United States v. Rellie, D.C., 39 F.Supp. 21; Garhart v. U. S., 10 Cir., 157 F.2d 777 at page 779; United States v. Miller, D.C., 36 F.Supp. 391.

The motion to quash the search warrant is therefore denied.

Alternative relief is sought having to do with the sum of $4,000. United States currency which was found in the premises under the circumstances described in the affidavits, pro and con; also a set of tools and a wrist watch and a 1953 Chrysler sedan, Serial No. 76550791. As to these the application is for the return of these various items of property to the applicant.

On the argument, the application was withdrawn as to the tools and the wrist watch, and the court is therefore called upon to deal with the cash and the automobile.

The Government's brief in opposition states the following:

"The Government commenced libel proceedings against the car and still on November 9, 1956 and against $4,000.00 in cash November 8, 1956. These libels were instituted under the very broad provisions of Title 26 U.S.C. Section 5601."

The substance of the foregoing was stated on the argument of this motion which took place on November 14 and the quoted statement is accepted as true as though it had been embodied in an affidavit in opposition to this motion, for the reason that the applicant's at-

torney did not deny that the libel had been filed as stated.

The argument for the return of property was restricted to the cash, and nothing whatever was said about the automobile.

There can be no doubt that under the provisions of Title 26 U.S.C. § 5601, the applicant's property was subject to seizure. Thus:

> "Every still or distilling apparatus not registered as required by section 5174, together with all personal property in the possession or custody, or under the control of the person required by section 5174 to register the still or distilling apparatus, and found in the building, or in any yard or inclosure connected with the building in which the same may be set up, shall be forfeited. * * *"

 Since legal proceedings have been duly taken in behalf of the Government's right to obtain forfeiture, it must be clear that that proceeding cannot be rendered nugatory at the instance of this applicant and as part of his motion to quash the search warrant. Whether the automobile was in fact the property of the above-named Joseph John Turner or someone else, and whether the cash was his, are both subjects which cannot be disposed of on this motion, but must be litigated in the forfeiture proceeding. See United States v. Chicelli, D.C., 10 F.Supp. 900.

It was stated on the argument that the $4,000 in cash has been delivered to the United States Marshal and is not held by the Treasury Department as such, which may be important in the technical sense. United States v. Farrington, D. C., 17 F.Supp. 702.

It should be further observed that there is authority for the proposition that money in the form of cash may be the subject of forfeiture in a proceeding of that nature where it is shown to be the proceeds of the operation of a still in violation of the law. See United

States v. One Machine for Corking Bottles, D.C., 267 F. 501.

It results that in all respects the motion must be denied. Settle order.